## BOWLES, Adm'r, O.P.A., v. UNDERWOOD CORPORATION.

### No. 2650.

District Court, E. D. Wisconsin.

Nov. 28, 1945.

John J. Burke, of Milwaukee, Wis., for plaintiff.

Charles B. Quarles, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

The complaint alleges that the defendant in the period from August 1, 1944, to June 15, 1945, violated Revised Maximum Price Regulation 165 by charging in excess of maximum prices for services described as business machines repairs. Demand is made for treble damages and relief by injunction. The complaint alleges that the defendant is a foreign corporation licensed to do business in Wisconsin, and further describes defendant as a New York corporation. It also alleges that the defendant operates an office machine repair establishment with its place of business at 626 North Broadway in the city of Milwaukee.

On August 27, 1945, the attorneys for the parties stipulated that defendant might have until September 27, 1945, to answer or otherwise plead. Thereafter defendant made formal motion for an additional extension of sixty days in which to answer and the court entered an order extending the time to answer to November 8, 1945, and the answer was in fact served on that date. As a defense to the action the defendant alleged in its answer that no Underwood Corporation was organized under the laws of the State of New York and that the defendant was organized under the laws of the State of New Jersey, and that therefore the court lacked jurisdiction. Plaintiff's attorneys promptly moved to amend the complaint and also to strike portions of defendant's answer, and these motions are now before the court for decision.

Plaintiff argues that the summons herein was served upon an agent of the New Jersey corporation which thereafter made a general appearance in this action, and that by reason of such appearance the court has jurisdiction over the person of the defendant. This contention cannot be sustained. Since the adoption of the Federal Rules of Civil Procedure, special appearances to challenge jurisdiction over the per-

son or improper venue are no longer necessary. Rule 12(b), F.R.C.P. 28 U.S.C.A. following section 723c, provides that every defense, in law or fact, to a claim for relief shall be asserted in the responsive pleading, except that it provides that at the option of the pleader certain defenses may be made by motion. The defendant, therefore, properly raised the question of jurisdiction in its answer. Blank v. Bitker, 7 Cir., 135 F.2d 962. See also; Moore's Federal Practice under the New Federal Rules, Vol. I, p. 627. Defendant's general appearance in no way prejudiced it from raising the question of jurisdiction. Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871, 874.

Defendant objects to plaintiff's motion to amend the complaint so as to allege that defendant was incorporated under the laws of New Jersey and argues that to allow same would be to substitute a new and distinct party defendant. This contention must be rejected.

■ True it is the complaint alleges defendant is a New York corporation and that such is an incorrect description; however, the allegation is merely surplusage. Under Rule 9(a), F.R.C.P., it was not necessary to aver the legal existence of an organized association of persons except to the extent required to show the jurisdiction of the court. In this action the jurisdiction of the court over the subject matter was conferred by Sec. 205 of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925. Further, the words "New York" or "New Jersey" are not a part of defendant's corporate name.

■ Rule 15(a), F.R.C.P., admonishes us that leave to amend shall be freely given when justice so requires. In my opinion it would be a miscarriage of justice to deny plaintiff's request for amendment. The defendant was in no way prejudiced by the error in describing the State of defendant's incorporation. Its place of business was specifically described in the complaint. Its agent in charge was served with process. Furthermore, it was the defendant who requested and obtained two extensions of time to answer. If the plaintiff were now required to start a new action it would be barred from examining several months of alleged overcharges by reason of the one-year statute of limitation contained in the act under which this action is brought. To permit the defendant to gain an advantage by its silence would certainly not be in the interest of justice or fair play. Plaintiff's motion to amend will be granted.

The motions of plaintiff to strike portions of the answer of defendant need not be considered as they raise the same questions which have heretofore been decided.