**COUNTY THEATRE CO.**

v.

**PARAMOUNT FILM DISTRIBUTING CORP. et al.**

**Civ. A. No. 21133.**

United States District Court
E. D. Pennsylvania.

Sept. 30, 1958.

See also 146 F.Supp. 933.

Harry Norman Ball, Philadelphia, Pa., for plaintiff.

Arlin M. Adams and Franklin Poul, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

The pertinent facts with regard to plaintiff's Motion for Leave to Amend filed August 6, 1958, are as follows:

On September 24, 1952, Twentieth Century-Fox Film Corporation, organized under the laws of New York (hereinafter called "Fox-New York"), conveyed, pursuant to the decree in United States v. Paramount Pictures, Inc., D.C. S.D.N.Y.1949, 85 F.Supp. 881, its theatre interests to National Theatres, Inc., and all its remaining assets (including its production and distribution facilities) to Twentieth Century-Fox Film Corporation, organized under the laws of Delaware (hereinafter called "Fox-Delaware"). Fox-Delaware expressly assumed the liabilities, actual and contingent, of Fox-New York. Thereafter, on September 27, 1952, Fox-New York changed its name to T. C. F. Film Corporation, and on December 1, 1952, this corporation was dissolved. A certificate of withdrawal was issued to Fox-New York by the Corporation Bureau of the Commonwealth of Pennsylvania on September 13, 1954. On August 2, 1956, plaintiff instituted this action against the defendant motion picture distributors, seeking treble damages under the Sherman and Clayton Acts from August 1, 1952.[1] One of the named defendants was Twentieth Century-Fox Film Corporation. In the complaint, this corporation was described as a corporation organized under the laws of New York, but this description does not appear in the caption. Service was had in Philadelphia upon one Sam E. Diamond, who has occupied the position of branch manager at the same address for both Fox-New York and Fox-Delaware from 1952 to 1957.

Plaintiff now seeks to amend its Complaint under Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., so as to describe the Fox corporation as having been organized under the laws of the State of Delaware. In opposition to this motion, counsel for defendant Fox-New York contends that to allow such an amendment would constitute a substitution of one distinct corporate entity for another and, if allowed, would deny defendant the benefit of the statute of limitations. In support of this contention, the defense points out that at the time of this suit, Fox-New York was a proper party defendant, if liable, even though its liability would be only for a period of a little over a month-and-a-half.

The cases hold that where the words of the Complaint sought to be amended refer only to the description or identity of the defendant and are not a part of the defendant's corporate name, such as words referring to the state of incorporation of the defendant, such words are freely amendable. Triangle Conduit & Cable Co., Inc., v. National Electric Products Corp., D.C.Del.1941, 38 F.Supp. 533; Bowles v. Underwood Corp., D.C.E.D.Wis.1945, 5 F.R.D. 25; Porter v. Theo J. Ely Mfg. Co., D.C.W. D.Pa.1946, 5 F.R.D. 317; Hartford Accident & Indemnity Co. v. Interstate Equipment Corp., D.C.N.J.1947, 74 F. Supp. 791. This is consistent with the policy of liberality taken by the Federal Courts under Rule 15(a) in allowing amendments to correct a mere misnomer of a party. Williams v. Pennsylvania R. Co., D.C.Del.1950, 91 F.Supp. 652; Gifford v. Wichita Falls & Southern Railway Co., 5 Cir., 1955, 224 F.2d 374, certiorari denied, 1955, 350 U.S. 895, 76 S.Ct. 153, 100 L.Ed. 787; Longsdorf v.

---

1. See 15 U.S.C.A. § 15. The period of limitations applicable to this action is four years. See 15 U.S.C.A. § 15b.

Pennsylvania Greyhound Lines, D.C.M. D.Pa.1956, 148 F.Supp. 476. Cf. New York Cent. H. R. Co. v. Kinney, 1922, 260 U.S. 340, 346, 43 S.Ct. 122, 67 L.Ed. 294; McDowell v. Kiehel, 3 Cir., 1925, 6 F.2d 337, 338–339. The principal factor influencing the courts in allowing this type of amendment is that from the time of service the true defendant knew that it was being sued. These cases are applicable to the facts of this case, particularly since service was made on an individual who occupied the same position for Fox-New York and Fox-Delaware and since the address of Fox-New York and of Fox-Delaware was the same. It is reasonable to conclude, therefore, that Fox-Delaware knew that it was the intended defendant, even though its liability for a short period was based on its assumption of its predecessor's liabilities. And it is reasonable to conclude that, on the basis of an objective standard, plaintiff had in mind the entity which was responsible for doing the distribution business of Twentieth Century-Fox Films from 1937 to August 1956. Fox-Delaware was the proper entity to sue to establish this liability.[2] 2 Moore's Federal Practice, 2d Ed., § 4.44, p. 1042. In such event, this amendment should not constitute a substitution. This conclusion is supported by the authorities cited above. In fact, the admitted mistake here does not even amount to a misnomer, the words "New York" and "Delaware" not being a part of the corporate name. Therefore, since the amendment is only for purposes of identification, it should be allowed.

To further support the conclusion that this amendment would not constitute a substitution—that is, that there was only one Fox corporation doing the distribution business at any one time between 1937 and August 2, 1956—the reasoning of Judge Wortendyke in Gordon v. Loew's, Inc., D.C.N.J.1956, 147 F.Supp. 398, 408–411, affirmed, 3 Cir., 1957, 247 F.2d 451 has been noted. In this case, plaintiff filed a complaint on March 3, 1955, for alleged violations of the anti-trust statutes during a period from March 1, 1944, to June 10, 1951. Plaintiff named as defendants Fox-New York and Fox-Delaware. Upon motion, the suit against Fox-New York was dismissed because of lack of venue. Fox-Delaware then moved for summary judgment on the ground that the plaintiff cannot recover against it since the alleged violations took place between 1944 and 1951, and it did not come into existence until 1952. The court denied Fox-Delaware's motion, holding that because Fox-Delaware had expressly assumed Fox-New York's liabilities, actual and contingent, it can now be sued for treble damages under the antitrust statutes for the activities of the older corporation.

With respect to the matter of prejudice, it has been stated that:

"Ordinarily no prejudice results from an amendment correcting the name of a party for the purpose of proper identification, even though it relates back to the original complaint and the limitation period has expired. * * *"

1 Federal Practice and Procedure, Barron & Holtzoff, Chap. 7, § 451, p. 932. See, also, New York Cent. H. R. Co. v. Kinney, supra; Hartford Accident & Indemnity Co. v. Interstate Equipment Corp., supra; Williams v. Pennsylvania R. Co., supra; Sechrist v. Palshook, D. C.M.D.Pa.1951, 97 F.Supp. 505.[3]

2. See Gordon v. Loew's, Inc., D.C.N.J. 1956, 147 F.Supp. 398, 408–411, referred to below.

3. In Sanders v. Metzger, D.C.E.D.Pa.1946, 66 F.Supp. 262, relied on by defendant Fox-Delaware, the opinion emphasized that the attempt was made to substitute a corporate defendant for an individual after the statutory period. In this case, the court said at page 263:

"If the effect of the proposed amendment is merely to correct the name of a party already in court, clearly there is no prejudice in allowing the amendment, even though it relates back to the date of the original complaint."

The June 18, 1958, orders of the United States District Court for the Western District of Pennsylvania in Super Outdoor Theatre, Inc. v. Columbia Pictures

Even though plaintiff has not been diligent in waiting 17 months to move for this amendment,[4] this defendant (Fox-Delaware) has not shown that this delay has resulted in any prejudice or harm to it. If it can make such a showing, Fox-Delaware may apply for a continuance of the scheduled trial date.

Plaintiff's Motion For Leave To Amend is accordingly granted.

Corp. et. al., Civil Action No. 14,559, and in Urling et al. v. United Artists Corp. et al., Civil Action No. 14,558, involved the addition of Fox-Delaware as an additional defendant in those cases and service on Fox-Delaware after the statutory period, whereas in this case the name of the state of incorporation is being changed by amendment of the Complaint.

4. In February 1957, Twentieth Century-Fox Film Corporation of New York filed answers to interrogatories to which were attached an affidavit containing this sentence:

"Prior to its dissolution on December 1, 1952, I was Assistant Secretary of T. C. F. Film Corporation, a New York corporation."

Also, the answer filed on March 12, 1957, by Fox-New York admitted that it "was" a New York corporation and denied that it "is" a New York corporation (see paragraph 3 of Document No. 28 in Clerk's file). And see Fli-Fab, Inc., v. United States, D.C.R.I.1954, 16 F.R.D. 553, at page 556, where the court states:

"* * * Delay, inexcusable or excusable, is not alone sufficient to warrant denial of leave to amend. There must also be a showing that as a result thereof the rights of the (opposite party) would be prejudiced if the amendment were allowed."