**Merton SHAPIRO et al.**

v.

**PARAMOUNT FILM DISTRIBUTING CORPORATION et al., Appellants.**

**No. 13074.**

United States Court of Appeals
Third Circuit.

Argued Feb. 2, 1960.

Decided Feb. 11, 1960.

Arlin M. Adams, Philadelphia, Pa., for appellants except 20th Century-Fox Film Corp.

John F. Caskey, New York City, for Twentieth Century-Fox Film Corp.

Wm. A. Schnader, W. Bradley Ward, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Royall, Koegel, Harris & Caskey, New York City, on the brief for Paramount Film Distributing Corp., Columbia Pictures Corp., Universal Film Exchanges, Inc.; United Artists Corp., RKO Radio Pictures, Inc.; and Twentieth Century-Fox Film Corp., appellants.

Louis J. Goffman, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., on the brief, for Warner Brothers Pictures Distributing Corp., and Stanley-Warner Management Corp., appellants.

William A. Gray, Philadelphia, Pa., on the brief, for William Goldman Theatres, Inc., appellant.

Arthur Littleton, John N. Schaeffer, Jr., Morgan, Lewis & Bockius, Philadelphia, Pa., on the brief, for Fox Philadelphia Building, Inc., appellant.

Nochem S. Winnet, Philadelphia, Pa. (Fox, Rothschild, O'Brien & Frankel, Donald Brown, Daniel Lowenthal, Philadelphia, Pa., on the brief), for appellees.

Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.

## PER CURIAM.

In this private treble damage action under the federal anti-trust laws, among other things, the defendants pleaded the statute of limitations as an affirmative defense. On October 5, 1959, in its pre-trial order, the district court held that the Pennsylvania six year statute of limitations, 12 P.S. § 31, for actions on the case applied to all defendants except Fox Philadelphia Building, Inc. The court further said that: "This order involves a controlling question of law as to which there is substantial ground for a difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation." We allowed an interlocutory appeal by the defendants from said order November 4, 1959.

It is properly conceded that, except as to defendant Fox Philadelphia Building, Inc., the applicable Pennsylvania statute of limitations governs. It is further properly conceded that if the Act of March 26, 1785, 2 Sm.L. § 6 (12 P.S. § 44), does not apply, the six year Pennsylvania statute of limitations for actions in trespass on the case controls, subject to the question below raised regarding defendant Twentieth Century-Fox Film Corporation, and excluding Fox Philadelphia Building, Inc., as above stated.

■ In Gordon v. Loew's, Inc., 3 Cir., 1957, 247 F.2d 451 dealing with a similar situation, where there was no federal statute of limitations applicable to suits under the federal anti-trust laws, we held that the statute of limitations of the state in which the district court was sitting was to be applied by that court to federal anti-trust litigation. Chattanooga Foundry & Pipe Works v. City of Atlanta, 1906, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241; Bluefields S. S. Co. v. United Fruit Co., 3 Cir., 1917, 243 F. 1, 20, error dismissed, 1919, 248 U.S. 595, 39 S.Ct. 136, 63 L.Ed. 438.

■ Following the rule of Gordon our task is to ascertain whether the Pennsylvania statute of 1785 is to be enforced against these plaintiffs in the suit before us. And as was said in Gordon, 247 F.2d at page 455, "In determining that question we must, we believe, take that statute to have the meaning and scope which the New Jersey [here, Pennsylvania] courts have given it in relation to state suits analogous to federal antitrust actions."

As it happens the 1785 statute actually needs no interpretation by analogy, it is that clear on its face. It reads:

"All actions, suits, bills, indictments or informations, which shall be brought for any forfeiture, upon any penal act of assembly made or to be made, whereby the forfeiture is or shall be limited to the commonwealth only, shall hereafter be brought within two years after the offense was committed, and at no time afterwards; and that all actions, suits, bills or informations, which shall be brought for any forfeiture, upon any penal act of assembly made or to be made, the benefit and suit whereof is or shall be by the said act limited to the commonwealth, and to any person or persons that shall prosecute in that behalf, shall be brought by any person or persons that may lawfully sue for the same, within one year next after the offense was committed; and in default of such pursuit, that

then the same shall be brought for the commonwealth, any time within one year after that year ended; and if any action, suit, bill, indictment or information, shall be brought after the time so limited, the same shall be void, and where a shorter time is limited by any act of assembly, the prosecution shall be within that time."

■ By its precise terms this law of Pennsylvania deals exclusively with rights created by the Assembly of that state. That statement is borne out by its title which reads: "An Act for the limitations of actions to be brought for the inheritance or possession of real property, or upon penal acts of Assembly." It presents a far more rigid limitation than the, comparatively speaking, all inclusive limitations applied in New Jersey, Illinois or Wisconsin. And it, in circumstances which make the mandate controlling here, has been held by the Pennsylvania Supreme Court to call for strict construction. As Justice Coulter, speaking for that Court, said: " * * * instead of enlarging the construction, I would incline to the most rigid adherence of the words of the act." Allegheny City v. McClurkan & Co., 1850, 14 Pa. 81, 87.

■ It is noteworthy that when enlargement of the act was desired, the statute was carefully amended in 1842 and again in 1845 to embrace recoveries by county commissioners and county treasurers and all recoveries of fines and forfeitures for the "use of the respective counties". But it was never enlarged or interpreted to provide for the problem before us. And the one case in Pennsylvania construing the statute and controlling this appeal, Allegheny City v. McClurkan & Co., supra, 14 Pa. at page 86, leaves no doubt as to its correct interpretation. There the Court was distinguishing the facts before it from the tight area covered by the 1785 law. Emphasizing this it said: "Here is no forfeiture to the Commonwealth alone, nor limited to the Commonwealth and any person who shall prosecute for the forfeiture" as, of course, in the 1785 Act.

It was because this was true, that the Court continued, saying, "The category of the statute of 1785 does not occur." Nor does it occur in this appeal. To much the same effect see Commonwealth v. Musser Forests, Inc., 1958, 394 Pa. 205, 146 A.2d 714.

### Re: Defendant Twentieth Century-Fox Film Corporation

■ This defendant was named as above set out in the original title of this cause. The corporation served with process in the action was of that same name, and a corporation of Delaware. The employee served was not at that time employed by any New York corporation. No New York corporation of the same or similar name had ever been served with process or done business where the above mentioned process had been served.

In the original complaint paragraph 21, Twentieth Century-Fox Film Corporation was described as a New York corporation. The complaint was filed January 4, 1956. Service on all defendants seems to have been had by January 16, 1956. On April 11, 1956 plaintiffs moved to file an amended complaint because, with respect to defendant Twentieth Century-Fox Film Corporation, "In the original Complaint defendant, Twentieth Century-Fox Film Corporation, was inadvertently referred to as a New York corporation, whereas in fact it is a Delaware corporation and the Amended Complaint corrects that." Over objection the amendment was allowed.

The defendant corporation urges that the amended complaint adds a new party and asserts a new claim against it. The point is very carefully argued but it is impossible to find merit in it.

The Delaware corporation was properly named as a defendant in the original suit. It was legally served with process. It is in the record that this Delaware corporation on September 27, 1952 assumed the liabilities of T.C.F. Film Corporation, a New York corporation which latter, prior to September 27, 1952, had been named Twentieth Century-Fox Film Corporation. T.C.F. Film Corporation before its dissolution on December 1, 1952 had made application for a certificate of withdrawal from doing business in Pennsylvania. That certificate was issued September 16, 1954.

In the circumstances Judge Van Dusen in the district court allowed the inadvertent mistaken description of this defendant's place of origin to be corrected. We do not see that he could have fairly acted otherwise. County Theatre Co. v. Paramount Film Distributing Corporation, D.C.E.D.Pa.1958, 166 F.Supp. 221, 223.

The order of the district court of October 5, 1959 will be affirmed.