William J. ADAMS, d/b/a Beacon Hill Company, Coral, Inc. and Louis Rait, Inc., Plaintiffs,

v.

BELAND REALTY CORPORATION, Defendant.

Civ. No. 15081.

United States District Court
E. D. New York.

Sept. 22, 1960.

Martin Rosen, New York City, for plaintiffs.

Max J. Gwertzman, New York City, for defendant.

BRUCHHAUSEN, Chief Judge.

This motion is brought pursuant to Rule 15 and Rule 4(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to amend the title of this action by substituting Myrtle G. Hirsch, Lenore Benedek,

Janet Benedek, Gladys Cohen and Howard Hirsch, d/b/a Beland Realty Company, as party defendants, in place of Beland Realty Corporation.

On January 18, 1954, the plaintiffs allegedly sustained property damage as a result of the flow of water into premises occupied by them as tenants of 32–02 Queens Boulevard, Long Island City, New York, through the negligence of the owner of said premises. The summons and complaint were served upon Ernest Boehm, the superintendent or managing agent of the premises. The complaint described the defendant owner as a New Jersey corporation. The action originally was commenced in Queens County Supreme Court. The defendant denied ownership, operation and control of the premises. It thereupon sought removal of the action to this court because of diversity of citizenship. The removal petition was signed by Joseph W. Levin, assistant secretary of Beland Realty Corporation of New Jersey. In his affidavit of January 3, 1955, Mr. Levin alleged that the corporation was in existence pursuant to the laws of the State of New Jersey. However, a certificate of voluntary dissolution was filed May 1, 1952. The stock of this corporation was owned by a New York corporation known as Beland Realty Corporation. This New York corporation owned the premises in question up to May 1, 1952 when it was dissolved. Its property was transferred to the individuals named above d/b/a Beland Realty Company, a partnership. The defendant corporation was represented at first by the law firm of Golenbock and Barell and then by Max J. Gwertzman, the subrogation attorney. Extensions of time to appear and answer were given to both attorneys. Examinations before trial of both parties were held and the case placed on the trial calendar. At the pre-trial call before Judge Savage the corporation moved for dismissal of the complaint on the ground of nonownership, management or control. At that pre-trial, a deed was exhibited by counsel from the corporation to the partnership transferring the premises to the named individuals. All proceedings were conducted in the name of the dissolved corporation although dissolution was approximately two years prior to the cause of action. All notice of claims and pleadings were turned over to the attorneys for the partnership who in turn forwarded them to the attorneys for the insurance company.

The defendant contends that a granting of this motion would constitute a substitution of a new party and thereby deny the defendant partnership the benefit of the statute of limitations. Numerous cases are cited by the defendant in support of its contention. However, a careful reading of these cases discloses that they are distinguishable from the case at bar. In the cited cases, the party to be substituted was new, one who had not been served, one who had not appeared in the action nor participated therein. In the case at bar the parties involved knew from the beginning of the alleged claim, the defendant was given additional time to answer, all preliminary examinations were conducted by both sides. Truly, the parties were before the court. In Green v. Walsh, D.C., 21 F.R.D. 15, 19, the court held in part:

"The granting or denial of an application to amend, in a situation where amendment may be made only by leave of the court, is within the discretion of the trial judge. Moore's Federal Practice, Vol. 3, § 15.08, pp. 833–834; Heay v. Phillips, 9 Cir., 1952, 201 F.2d 220, 222; Young v. Garrett, 8 Cir., 1947, 159 F.2d 634; Lorentz v. R.K.O. Pictures, 9 Cir., 1946, 155 F.2d 84, 88, certiorari denied 329 U.S. 727, 67 S.Ct. 81, 91 L.Ed. 629; Wittmayer v. United States, 9 Cir., 1941, 118 F.2d 808, 809; Hirshhorn v. Mine Safety Appliances Co., D.C.W.D.Pa. 1951, 101 F.Supp. 549, 552, affirmed 3 Cir., 193 F.2d 489."

The court added:

"The rule is to be liberally construed on the side of allowance of amendments, particularly where the opposing party is put to no disad-

vantage. Barthel v. Stamm, 5 Cir., 1955, 145 F.2d 487, 490; Hammond-Knowlton v. United States, 2 Cir., 1941, 121 F.2d 192, 200, certiorari denied 314 U.S. 694, 62 S.Ct. 410, 86 L.Ed. 555; International Ladies' Garment Workers' Union v. Donnelly G. Co., 8 Cir., 1941, 121 F.2d 561, 563; Fli-Fab, Inc., v. United States, D.C.D.R.I.1954, 16 F.R.D. 553, 556; Hirshhorn v. Mine Safety Appliances Co., D.C.W.D.Pa.1951, 101 F.Supp. 549, 552, affirmed, 3 Cir., 193 F.2d 489; Overfield v. Pennroad Corp., D.C.E.D.Pa.1941, 39 F.Supp. 482, 486–487."

The court further added:

"And, the spirit of the Federal Rules demands that insofar as possible, controversies be determined upon the merits and not upon procedural niceties. Moore's Federal Practice, Vol. 3, § 15.08, p. 828; Copeland Motor Co. v. General Motors Corp., 5 Cir., 1952, 199 F.2d 566, 567–568; Fli-Fab, Inc., v. United States, D.C.D.R.I.1954, 16 F.R.D. 553, 556; Hirshhorn v. Mine Safety Appliances Co., D.C.W.D.Pa.1951, 101 F.Supp. 549, 552, affirmed 3 Cir., 193 F.2d 489; Fierstein v. Piper Aircraft Corp., D.C.M.D.Pa.1948, 79 F.Supp. 217, 218; Overfield v. Pennroad Corp., D.C.E.D.Pa.1941, 39 F.Supp. 482, 485."

In the case of Nelson v. Jadrijevics, 5 Cir., 59 F.2d 25, an amendment correcting the mistaken allegation that the person employing the plaintiff was a corporation, instead of a partnership, held properly allowed.

■ Rule 4(d) (3) provides how service shall be made upon corporations and partnerships or unincorporated associations. Mr. Boehm who was served cannot be classified as a mere janitor. His examination before trial clearly indicates that Mr. Boehm as superintendent was in charge of the premises and of men working under his direction. He was served by the plaintiff and gave the papers to the partners who acted upon them.

The partnership continuously participated in the proceedings. The corporation never moved for a dismissal as being the wrong party, but in reality conducted the entire defense until it made its motion to dismiss before Judge Savage, after the statute of limitations had expired. It is evident that no prejudice will flow to the defendant from a granting of this motion. Under Rule 15(c) of the Federal Rules of Civil Procedure amendments relate back to the date of original pleading. The cases are in accord that amendments to pleadings relate back, that the issues are to be determined on their merits and mere technicalities are to be disregarded. Godfrey v. Eastern Gas & Fuel Associates, D.C., 71 F.Supp. 175; Williams v. Pennsylvania R. Co. et al., D.C., 91 F.Supp. 652.

■ In the interest of justice, courts are to apply liberal rules in permitting amendments. Bainum v. American Bridge Co. of N. Y., C.C., 141 F. 179. Rule 15(a) of the Federal Rules of Civil Procedure referring to amended and supplemental pleadings provides in part:

"* * * and leave shall be freely given when justice so requires."

See also Bowles v. Marx Hide & Tallow Co., D.C., 4 F.R.D. 297; Porter v. Theo J. Ely Mfg. et al., D.C., 5 F.R.D. 317.

The defendant alleges that it will lose the defense of the statute of limitations if this motion is granted. The courts have held under similar circumstances where a party had notice of a claim from the beginning the statute does not apply. Tiller v. Atlantic Coast Line Railroad Co., 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465; Maty v. Grasselli Chemical Co., 303 U.S. 197, 58 S.Ct. 507, 82 L.Ed. 745.

■■ The defendants contend that the plaintiff is chargeable with laches and, therefore, barred in making this motion. It is well settled that delay in and of itself is not a sufficient ground to defeat this type motion. It is necessary that the opposing party be prejudiced. County Theatre Co. v. Paramount Film Distributing Corp., D.C., 166 F.Supp. 221; Arnold v. Chesebrough, C.C., 33 F.

571; Fli-Fab, Inc. v. United States of America, D.C., 16 F.R.D. 553.

In substituting the partnership in place of the corporation, diversity of citizenship is no longer present. The partnership is a New York organization against which there is pending the identical suit in Supreme Court, New York County. Under these circumstances, the case should be remanded. See Haelan Laboratories, Inc. v. Topps Chewing Gum, Inc., D.C., 131 F.Supp. 262.

The plaintiffs' motion is granted and the case remanded.

Settle order on notice.