Weymouth M. ROTHGEB et al.,
Plaintiffs,

v.

Elmer STATTS et al., Defendants.

No. 4082.

United States District Court,
S. D. Ohio, W. D.

March 1, 1972.

Roger J. Makley, Dayton, Ohio, for plaintiffs.

William W. Milligan, U. S. Atty., S. D. Ohio, Robert A. Steinberg, Asst. U. S. Atty., for defendants.

## MEMORANDUM OPINION AND ORDER

WEINMAN, Chief Judge.

The plaintiffs herein are four law enforcement agents employed by the Internal Revenue Service who in the fall of 1970 were assigned to the Sky Marshal Project involving the protection of airplanes, crews and passengers engaged in international air flights. Plaintiffs bring this action on behalf of themselves and approximately 275 other agents of the Internal Revenue Service who were assigned to the Sky Marshal Project to compel the responsible federal officials to pay plaintiffs and their class hourly

overtime compensation for in-flight time spent aboard international flights beyond their regular eight hour tour of duty. Jurisdiction of this Court is invoked under the Tucker Act, § 1346, Title 28 U.S.C., and § 1361, Title 28 U.S.C. which vests district courts with jurisdiction to issue writs of mandamus against federal officials to compel the performance of a duty owed to the plaintiffs.

The named defendants, Elmer Statts, Comptroller General of the United States, John Connally, Secretary of the United States Treasury and Harold Swartz, Acting Commissioner of the Internal Revenue Service have moved for dismissal as parties to this action on the ground that they may not be sued individually because this action is, in fact, a suit against the United States. Furthermore, although conceding that this court has jurisdiction under § 1346(d)(2), Title 28 U.S.C. to adjudicate plaintiffs' claim for overtime compensation for official services, the defendants move to dismiss the complaint on the ground that the plaintiffs have failed to join the United States of America as a party to this action.

In the alternative, defendants move to strike from plaintiffs' complaint all allegations pertaining to a class action on the ground that the provisions of Rule 23, Federal Rules of Civil Procedure, are not applicable to an action brought under the Tucker Act.

For the reasons that follow the Court concludes that the defendants' motion to dismiss is not well taken and it hereby is Denied.

■■■■ The defendant federal officials seek dismissal from this action under the familiar rule that a suit against a federal official wherein the judgment sought would expend itself on the public treasury is in fact one against the United States. Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). An exception to this general rule permitting a suit against a federal official is recognized in cases where plaintiff claims that the federal official acted beyond his statutory authority or acted within the scope of his authority in an unconstitutional manner or under a statute which is constitutionally void. Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962), Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). The plaintiffs' complaint falls within this exception to the general rule in that the complaint asserts that the defendants have exceeded their authority by violating Internal Revenue Regulations and the applicable statutes governing compensation of federal employees. However, a suit against a federal official will fail even if it is alleged that a federal official has exceeded his statutory authority, where the relief sought would require affirmative action on the part of the sovereign or the expenditure of funds from the public treasury. Larson v. Domestic & Foreign Service Corp., 337 U.S. at page 691, note 11, 69 S.Ct. 1457. In the present case it is clear that the relief requested would require an expenditure of funds from the public treasury and therefore to the extent that the plaintiffs seek to compel the defendants to pay them overtime compensation, the federal officials are immune from suit and plaintiffs' sole redress lies in a suit under the Tucker Act against the United States of America.

■■■■ Nor does this Court's jurisdiction under § 1361 Title 28 U.S.C. authorize the court to issue a writ of mandamus compelling a federal official to pay plaintiffs a sum of money out of the public treasury. Rose v. McNamara, 225 F.Supp. 891 (E.D.Pa.1963). However, it is well recognized that a writ of mandamus can be issued to compel a public officer to exercise the judgment or discretion which is reposed in him by law. 52 Am.Jur.2d Mandamus § 77. The documents attached to plaintiffs' memorandum contra disclose a deplorable situation in which the responsible federal officials have failed to rule one

way or the other on the question of whether the plaintiffs and their class are entitled to overtime compensation. Construing the allegations of the complaint most favorably to plaintiffs, the complaint states a claim within this Court's mandamus jurisdiction to compel the defendants to exercise the discretion conferred upon them by law by rendering a decision on the question of whether or not plaintiffs are entitled to overtime compensation. Accordingly, the motion of the defendants to be dismissed as parties to this action hereby is denied.

■ The defendants have moved to dismiss the complaint on the ground that the United States of America is a necessary party defendant to an action under the Tucker Act. The Court agrees that the United States of America is an indispensable party to an action to recover overtime pay under the Tucker Act. See Zapata v. Smith, 437 F.2d 1024 (C.A. 5 1971). In response to defendants' motion the plaintiffs have sought leave of court to amend their complaint to add the United States as a party defendant. Rule 15(a) Federal Rules of Civil Procedure provide that "leave shall be freely given when justice so requires." Accordingly, plaintiffs' motion to amend their complaint hereby is Sustained and it is hereby Ordered that the United States of America be added as a party defendant to this action.

■ In the alternative, the defendants move to strike from the complaint all allegations pertaining to the maintenance of a class action on the ground that class actions are not permitted in suits under the Tucker Act. The defendants contend that a federal district court in a Tucker Act case sits as a "little" Court of Claims and in procedural matters is limited to the utilization of the provisions of the Federal Rules of Civil Procedure which has been adopted under the Rules of the Court of Claims. Since the Court of Claims has not adopted a rule equivalent to Rule 23 of the Federal Rules of Civil Procedure permitting the maintenance of class actions, the defendants assert that class actions cannot be maintained in actions under the Tucker Act in federal district court. The Court finds this argument by the defendants to be without merit.

In support of their argument the defendants cite the case of United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). An examination of the facts and holding of the Sherwood case disclose that it is not controlling on the question before this Court. In that case Sherwood who had obtained a judgment in the New York State Courts against one Kaiser obtained an order in aid of execution permitting Sherwood to bring a suit under the Tucker Act to recover damages from the United States for breach of its contract with the judgment debtor, Kaiser. Under New York law the judgment debtor, Kaiser, was a necessary party and was authorized in any such suit to attack the validity of the order and of the judgment upon which it was founded.

Under the Tucker Act a district court possesses original jurisdiction concurrent with the Court of Claims over certain specified causes of action with the exception that the amount in controversy may not exceed $10,000.00 exclusive of interest and cost. The jurisdiction of the Court of Claims was limited to adjudicating claims against the United States alone and there was no provision under federal law permitting the Court of Claims to adjudicate claims between private parties. Although the Court of Claims possessed no jurisdiction to adjudicate the claims between plaintiff Sherwood and the judgment debtor Kaiser, the Court of Appeals for the Second Circuit held that the Federal Rules of Civil Procedure authorized a district court in a Tucker Act case to exercise jurisdiction over a claim between private individuals. Thus in effect, the Court of Appeals utilized the Federal Rules of

Civil Procedure to expand the jurisdiction of a district court in Tucker Act cases beyond that possessed by the Court of Claims.

The Supreme Court reversed the Second Circuit holding that the jurisdiction of a district court under the Tucker Act is limited to the jurisdiction possessed by the Court of Claims, that the United States had not given its consent to be sued in litigations involving the adjudication of claims between plaintiff and third persons other than the United States and that the authority conferred upon the Supreme Court to prescribe rules of procedure in civil actions in the district courts could not be utilized to enlarge the jurisdiction of federal courts. 312 U.S. at pages 589–590, 61 S.Ct. 767.

In the Sherwood case the Supreme Court did not hold that the district courts in Tucker Act cases are confined to the use of the procedural rules adopted by the Court of Claims. The Sherwood case only stands for the proposition that a federal district court in a Tucker Act case may not utilize the Federal Rules of Civil Procedure in a manner which would expand the district court's jurisdiction beyond that possessed by the Court of Claims. Thus an essential distinction must be made between procedural matters and jurisdictional matters. The present case presents an entirely different situation from that involved in the Sherwood case. It is undisputed that each individual member of the class which plaintiffs seek to represent can maintain a Tucker Act action in the various district courts across the country to recover overtime pay from the government. Unlike Sherwood, in the present case there is no dispute as to whether the district court has jurisdiction under the Tucker Act. Plaintiffs' request for the maintenance of this action as a class action does not result in an expansion of this Court's jurisdiction beyond that possessed by the Court of Claims. On the contrary, plaintiffs are attempting to utilize a procedural technique, unrelated to the question of jurisdiction, whereby a multiplicity of suits can be avoided and multiple claims against the government involving common questions of law and fact can be determined in one proceeding. Since the Tucker Act confers jurisdiction over the individual claims of each member of the class which plaintiffs seek to represent, the class action provisions of Rule 23, Federal Rules of Civil Procedure do not expand this Court's jurisdiction beyond that possessed by the Court of Claims and therefore the provisions of Rule 23 may be utilized in this Tucker Act case.

Defendants' contention that class actions may not be maintained in the district courts in Tucker Act cases is premised upon the fact that the class action device may not be utilized in the Court of Claims. This underlying premise has been refuted by the recent decision of the Court of Claims in the case of the Quinault Allottee Association et al. v. United States, 453 F.2d 1272, decided January 21, 1972 in which the Court of Claims held that it had the power to entertain class actions and adopted in that case a class action procedure comparable to the class action device utilized in the district courts under Rule 23, Federal Rules of Civil Procedure. In that case the Court of Claims in pertinent part stated:

"We reject, at the outset, the Government's broadside challenge to the power of this court to entertain class actions (apparently of any type or character). Under 28 U.S.C. § 2071 we can prescribe rules for the conduct of our business, just as 28 U.S.C. § 2072 authorizes the promulgation of rules of civil procedure for the district courts. Obviously, Rule 23, F.R.C.P., was within the Supreme Court's mandate to adopt rules of 'practice and procedure' for the district courts; the class suit is basically a procedural technique for resolving the claims of many individuals at one time (Eisen v. Carlisle & Jacquelin, 391 F.2d 555,

560 (C.A. 2, 1968)), comparable to joinder of multiple parties and intervention. There is no reason why this court cannot use the same device, if it is appropriate. So long as relief is confined to a money judgment (United States v. King, 395 U.S. 1, 3 [, 89 S.Ct. 1501, 23 L.Ed.2d 52] (1969); Glidden Co. v. Zdanok, 370 U.S. 530, 557 [, 82 S.Ct. 1459, 8 L.Ed.2d 671] (1962)), there is nothing in the type of jurisdiction we have, or the fact that claims in this court are normally against the United States, to deprive us of this modern aid to speedier and less repetitious litigation. Congress has limited us to monetary judgments but it has not said or implied that we cannot use new procedural techniques, if we consider them advisable, in deciding whether or not to make monetary awards in fair and efficient fashion. The directive that waiver of sovereign immunity not be read expansively (e. g., United States v. King, 395 U.S. 1, 4, 5 [, 89 S.Ct. 1501, 23 L.Ed.2d 52] (1969)) goes to the relief we can award, the subjects we can consider, and the timing of claims, not the intermediate procedural steps we take in cases plainly within our jurisdiction. Long ago, the Supreme Court said that in hearing and determining the causes that come before this court for adjudication 'we see no reason why it [the Court of Claims] may not use such machinery as courts of more general jurisdiction are accustomed to employ under similar circumstances to aid in their investigations.' United States v. Raymond, 92 U.S. 651, 654 [, 23 L.Ed. 756] (1875).

"Rule 23 F.R.C.P. is applicable to all civil litigation in the district courts even though they have Tucker Act jurisdiction up to $10,000 and unlimited Tort Claims Act jurisdiction. The only decision on the point holds that those courts can entertain class actions pursuant to Rule 23 against the United States under both of those statutes. Northern Natural Gas Co. v. Grounds, 292 F.Supp. 619, 641–644 (D.Kan.1968). Since the district courts' Tucker Act jurisdiction is 'concurrent with the Court of Claims' (28 U.S.C. § 1346(a)) and the Tort Claims Act is comparable to the Tucker Act in all respects pertinent to this case (both involve claims against the United States for money only), we can see no distinction between the power of the district courts and of this court to accept class suits against the United States. . . ."

■ Even assuming that this Court in Tucker Act cases is limited to the use of procedural devices available in the Court of Claims, the decision in the Quinault Allottee Association case makes it clear that in a proper case the Court of Claims will adopt class action procedures comparable to those available in the district courts under Rule 23, Federal Rules of Civil Procedure.

Accordingly, the motion of defendants to strike the allegations of the complaint pertaining to the maintenance of a class action hereby is Denied.

■ The plaintiffs, pursuant to Rule 23(c)(1), Federal Rules of Civil Procedure, have moved for an order determining that a class action may be maintained in this action. The Court, having carefully considered said motion finds that the prerequisites for the maintenance of a class action have been met in this action and accordingly it is hereby Ordered that this action be maintained by plaintiffs as a class action on behalf of all agents of the Internal Revenue Service who were assigned to serve as security guards in the Sky Marshal Project and to whom the United States Government has refused to pay hourly overtime compensation for in-flight time spent performing their assigned duties aboard international airliners beyond their regular eight hour tour of duty.

Specifically the Court finds as follows:

1) the class is so numerous that joinder of all members is impracticable;

2) there are questions of law concerning the interpretation and effect of Section 5545, Title 5 U.S.C. and applicable Internal Revenue Regulations common to the class;

3) the claims of the plaintiffs are typical of the claims of the class;

4) the plaintiffs as representative parties will fairly and adequately protect the interests of the class; and

5) the prosecution of separate actions by the individual members of the class against the United States creates a risk of inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct on the part of defendants.

Within 30 days from the date of this order counsel for plaintiffs and defendants shall state to the Court in writing their suggestions as to the manner in which notice shall be given to the members of the class.