**SONIA EVANS and SANDRA LEVINE, Plaintiffs**

**v.**

**ALLEN-WILLIAMS CORPORATION, and ALLEN-WILLIAMS (V.I.), INC., Defendants**

**ALLEN-WILLIAMS CORPORATION, Third-Party Plaintiff**

**v.**

**SNAP-TITE, INC., Third-Party Defendant**

**ALLEN-WILLIAMS CORPORATION, Third-Party Plaintiff**

**v.**

**DORMONT MANUFACTURING CO., Third-Party Defendant**

Civ. No. 1988-75

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 6, 1997

Francis E. Jackson, Esq., St. Thomas, U.S.V.I., *for Plaintiffs*

Frederick G. Watts, Esq., (Watts & Benham), St. Thomas, U.S.V.I., *for Third-Party Defendant Snap-Tite, Inc.*

Bernard Pattie, Esq., (Pattie & Daley), St. Croix, U.S.V.I., *for Third-Party Defendant Dormont Manufacturing Co.*

MOORE, *Chief Judge*

## MEMORANDUM

This matter is before the Court on a motion to dismiss filed by Snap-Tite, Inc. ["Snap-Tite"] and plaintiffs' motion to dismiss third-party defendant Dormont Manufacturing Co. ["Dormont"] and to amend the third party complaint nunc pro tunc. For the following reasons, Snap-Tite's motion is granted, plaintiffs' motion to dismiss Dormont is granted, and plaintiffs' motion to amend is denied.

### Factual and Procedural Background

Plaintiffs, Sonia Evans and Sandra Levine, sued Allen-Williams Corporation ("Allen Williams") for personal injuries after an accident allegedly involving a gas hose and gas hose couplings on a stove at Allen-Williams' hotel. Allen-Williams then impleaded third party defendants Tuthill Corporation ("Tuthill") and Dormont Manufacturing Company ("Dormont") — Tuthill as the manufacturer of the coupling, and Dormont as the manufacturer of the hose that contained the coupling. Subsequent discovery revealed that Tuthill did not manufacture the coupling and that Snap-Tite may have been the actual manufacturer. Tuthill was thereafter dismissed from the case through stipulation of the parties on January 14, 1994.

Two weeks later, on January 31, 1994, Dormont filed a Renewed motion for severance and for sanctions. Because Snap-Tite was discovered at such a late date as the alleged actual manufacturer of the couplings instead of Tuthill, Dormont argued that the third party complaint should be severed allowing the plaintiffs to proceed with the trial against Allen-Williams without further delay. Judge Richard P. Conaboy, United States District Judge sitting by designation, granted the motion on February 11, 1994, stating that the litigation between the plaintiffs and Allen-Williams was to proceed as scheduled, and that the "third-party claim of Allen-Williams Corporation against Dormont shall be tried separately, and shall be and is hereby continued for such time as may be sufficient to permit the parties to bring into litigation such additional parties as are necessary for a complete resolution of this dispute." (Order, J. Conaboy, Docket Number 127).

The same day, February 10, 1994, Judge Conaboy entered an "order of dismissal" stating that the case between plaintiffs and Allen Williams had been settled and stating that "third party defendant Dormont Manufacturing Co. having been severed from the initial action, this case will proceed against that defendant." (Order, J. Conaboy, Docket Number 128). The stipulation of dismissal settling the case was submitted on March 17, 1994 which was approved by the Court on April 13, 1994.

Nothing further happened in the case until plaintiffs, as the assignees of Allen-Williams, filed an "amended third-party complaint" ("amended complaint") on February 13, 1996 without leave of court, naming for the first time Snap-Tite as a third party defendant. Plaintiffs allege in the amended complaint that Allen-Williams entered into a settlement agreement with the plaintiffs for the sum of $175,000, and that "by reason of the facts above alleged, Plaintiffs . . . have been assigned the claims of indemnification and/or contribution that ALLEN-WILLIAMS has against SNAP-TITE . . . ." (Amended Complaint, ¶¶ 14-15). Presumably such assignment was part of the settlement agreement which occurred sometime before March 17, 1994. Incidentally, the case caption in the amended complaint does *not* include Dormont Manufacturer.

The amended complaint states that "inasmuch as ALLEN-WILLIAMS had a non-delegable duty to Evans and Levine, as the contractor who installed the defective SNAP-TITE product in [the hotel], and *solely* because of the negligence of SNAP-TITE as alleged herein, ALLEN-WILLIAMS became liable to Evans and Levine." (Amended Complaint, 8.) Plaintiffs, as assignees of Allen Williams, confirmed their desire to no longer pursue any claims against Dormont in a motion filed after oral argument to dismiss Dormont.

In May 1996, Snap-Tite filed its motion to dismiss which was denied without prejudice for failure to comply with Local Rule of Civil Procedure 56.1. The motion was refiled in compliance with the rule on September 13, 1996, and argued before the Court on September 20, 1996. Plaintiffs have also filed a motion for leave to amend the third party complaint to add Snap-Tite in place of Dormont, nunc pro tunc to the time of Judge Conaboy's order of February 10, 1994.

## Discussion

Snap-Tite argues in its motion to dismiss that the amended complaint should be stricken and the case against Snap-Tite dismissed because plaintiffs neither sought nor obtained leave of court.[1] This Court agrees that the amended complaint was improperly filed without leave of court and thus will strike the amended complaint filed on February 13, 1996. Plaintiffs have provided no explanation for the delay of nearly two years since plaintiffs were assigned Allen-Williams' rights, shortly after Snap-Tite was discovered as the likely manufacturer of the coupling, to when plaintiffs first improperly filed their amended complaint.

■ Rule 14(a) of the Federal Rules of Civil Procedure provides that a third-party plaintiff "must obtain leave on motion upon notice to all parties to the action" to implead an additional party, if more than ten days have past after the original answer has been served. Plaintiffs oppose Snap-Tite's motion to dismiss on the basis that Judge Conaboy granted leave to the plaintiffs to implead Snap-Tite in the order of February 10, 1994. That clearly was not the case. The order does not even mention Snap-Tite by name. Moreover, its plain meaning was that the parties would be given time to implead additional parties by following the applicable rules of procedure available to them. No such motion was ever filed seeking the required leave of court to implead Snap-Tite. Finally, even if plaintiffs believed that they did not need to obtain the Court's permission, they still took more than two years to file an amended complaint adding Snap-Tite.

■ The Court has great discretion in deciding whether to allow third-party defendants to be impleaded after a significant time has elapsed since the answer was filed. Important factors to consider are the reasons for the delay and any prejudice to the party to be impleaded. Professor Moore observes:

---

[1] Snap-Tite also argues that the case should be dismissed because this Court lacks personal jurisdiction over it and because the statute of limitations has run. Because the Court denies plaintiffs' motion to amend, these additional reasons for dismissal are not addressed.

Rule 14 does not specify the time in which the party seeking impleader must make his motion. The district court has great discretion, however, to deny a motion because the moving party delayed unduly. . . .

. . .

Of course, delay may be excused if the party seeking impleader did not know of the existence of, or a basis for joining, a third-party defendant. The party must not be dilatory, however, in proceeding after making discovery of a basis for impleader.

3 MOORE'S FEDERAL PRACTICE ¶ 14.18[2.-1].

■ This Court finds that plaintiffs delayed unduly in seeking to add Snap-Tite as a third-party defendant, giving absolutely no reason for the two-year delay.[2] Snap-Tite was discovered around January of 1994. Plaintiffs obviously were assigned Allen-Williams' rights when they settled their differences sometime before March 17, 1994, yet no amended complaint was filed until February of 1996. Moreover, Snap-Tite would clearly be prejudiced if forced to defend itself against an incident that occurred nearly ten years ago.

For all these reasons, this Court exercises its discretion to deny plaintiffs' motion to amend, to strike the amended complaint,[3] and to grant Snap-Tite's motion to dismiss. It would be fundamentally

[2] Plaintiffs argue erroneously that they are simply "correcting the name of one of the original Defendants since it did not know the true identity of said party at the commencement of the action, but only after. Discovery revealed the true party." (Mem. Supp. Mot. Amend Complaint, at 2.) Plaintiffs then cite to two irrelevant authorities. *Rothgeb v. Statts*, 56 F.R.D. 559 (S.D. Ohio 1972); *Shapiro v. Paramount Film Distributing Corp.*, 274 F.2d 743 (3d Cir. 1960). *Rothgeb* concerned amending a complaint to add a necessary and indispensable party. Snap-Tite is not a necessary and indispensable party as contemplated in the Federal Rules of Civil Procedure. FED.R.CIV.P. 19(a)(1). Shapiro concerned amending the complaint to correct the identification of one of the defendants. The defendant was properly named in the original complaint, but misidentified as a "New York corporation" when in fact it was a Delaware corporation. 274 F.2d at 746. Here, plaintiffs are clearly not seeking to "correct the name" of the third-party defendant, but are seeking to add Snap-Tite as an additional third-party defendant. Accordingly neither *Rothgeb* or *Shapiro* provide any support for allowing the amended complaint.

[3] *See* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1454, at 422 (2d ed. 1990) (noting that "a third-party complaint served without leave of court is subject to a motion t strike" and that it is within the court's discretion to grant such a motion).

unfair to require Snap-Tite to begin the process of determining whether any product of theirs played any part in plaintiff's injury so long after the accident occurred and so long after Snap-Tite was discovered as the possible manufacturer. Plaintiffs' motion to dismiss Dormont is granted.

## Conclusion

For the above reasons, the amended complaint filed February 13, 1996 is stricken. Plaintiffs motion to amend the complaint filed October 9, 1996 is denied, but plaintiffs' request that Dormont Manufacturing be dismissed is granted. An appropriate order is attached.

ENTERED this 6th day of March, 1997.

### ORDER

For the reasons set forth in the accompanying memorandum, it is hereby

ORDERED that Snap-Tite, Inc.'s motion to strike and dismiss the amended third-party complaint is GRANTED; and it is further

ORDERED that plaintiffs' motion to amend the third-party complaint nunc pro tunc is DENIED; and it is further

ORDERED that Dormont Manufacturing Co. is DISMISSED as a third-party defendant; and it is further

ORDERED that this case is hereby CLOSED.

ENTERED this 6th day of March, 1997.