278 F.2d 912
 OVE GUSTAVSSON CONTRACTING COMPANY, Inc., Plaintiff-Appellant,
v.
Franklin G. FLOETE, Administrator of General Services
Administration and Michael Brennan, Contracting Officer and
Chief, Design and Construction Division, Public Buildings
Service, General Services Administration, Defendants-Appellees.
 No. 313, Docket 25888.
 United States Court of Appeals Second Circuit.
 Argued May 4, 1960.
Decided May 25, 1060.
 
 Anthony B. Cataldo, New York City, for plaintiff-appellant.
 Stephen Kurzman, Asst. U.S. Atty., New York City (S. Hazard Gillespie, U.S. Atty., New York City, on the brief), for defendants-appellees.
 Before LUMBARD, Chief Judge, MEDINA, Circuit Judge, and JAMESON, District Judge.[1]
 LUMBARD, Chief Judge.
 
 
 1
 In the spring of 1958 appellant, Ove Gustavsson Contracting Company, entered into an agreement with the United States to construct a building described as a dehumidification hutment to be used by the government for the storage of precision machinery. The contract price was $47,000 and the job was to be completed in October 1958. Work was not begun until November 1958, and on January 12, 1959, when the building was still uncompleted, Michael Brennan, contracting officer for the General Services Administration notified appellant that the government was terminating the contract because of the contractor's failure to complete the work satisfactorily. Within thirty days thereafter appellant appealed this decision of the contracting officer to the Administrator of the General Services Administration in accordance with the 'disputes' provision of the contract between the parties; that appeal is still pending. In September 1959 another contractor completed construction of the hutment.
 
 
 2
 Appellant brought this action in February 1959, naming as defendants Franklin Floete, Administrator of the General Services Administration, and Michael Brennan, contracting officer of the General Services Administration, who had signed the contract with appellant on behalf of the government. The complaint alleged that the jurisdiction of the district court was founded upon 10 of the Administrative Procedure Act, 5 U.S.C.A. 1009, and sought an injunction against the awarding of another contract for completion of the hutment, a declaratory judgment that the government's contract with appellant was still in full force and effect and that its termination was unlawful, and damages. The district court denied a preliminary injunction, and, since the hutment is now completed, the claim for injunctive relief is now moot. Thereafter, defendants moved for dismissal of the complaint under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The district court held that Floete was an indispensable party to the action and that venue as to him was improper. It also held as to defendant Brennan that there was no diversity of citizenship and that no other basis of federal jurisdiction was shown. The court dismissed the complaint. We affirm the judgment, though we place our decision on grounds different from those of the district court.
 
 
 3
 Although the appellant stated in his complaint that the suit is against two government officials in their individual capacity, the action is in reality against the United States. A request for a declaratory judgment upon a contract to which the government is a party is plainly a request for relief against the United States. McKay v. Central Elec. Power Co-op., 1955, 96 U.S.App.D.C. 158, 223 F.2d 623; Aktiebolaget Bofors v. United States, 1951, 90 U.S.App.D.C. 92, 194 F.2d 145. The claim for damages seeks an award for breach of contract by the United States; appellee Brennan signed the contract only as an authorized representative of the United States and would not be personally liable for any breach. Any damages awarded would be payable from the Treasury of the United States. The suit is one 'to collect a debt allegedly owed by the government,' Mine Safety Appliances Co. v. Forrestal, 1945, 326 U.S. 371, 375, 694, 66 S.Ct. 219, 221, 90 L.Ed. 140, and consequently must comply with the requirements for such suits. One such requirement imposed by Congress under the Tucker Act, 28 U.S.C. 1491, is that when the amount sought from the government for an asserted breach of contract exceeds $10,000, suit must be brought in the Court of Claims. Since the damages sought here exceed $10,000, the district court lacked jurisdiction to entertain the suit, even had the United States been made a party and properly served with process. 28 U.S.C. 1346(a)(2).
 
 
 4
 Appellant seeks to avoid this result by characterizing his suit not as an ordinary action upon a contract, but as one 'to review, judicially, the action of an agency of the United States' pursuant to 10 of the Administrative Procedure Act. It is true that 10(a) states that 'any person suffering legal wrong because of any agency action * * * shall be entitled to judicial review thereof.' However, neither this provision nor any other clause of 10 extends the jurisdiction of the federal courts to cases not otherwise within their competence. Kansas City Power & Light Co. v. McKay, 96 U.S.App.D.C. 273, 225 F.2d 924, 932-933, certiorari denied 1955, 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780; Aktiebolaget Bofors v. United States, supra; Almour v. Pace, 1951, 90 U.S.App.D.C. 63, 193 F.2d 699. The purpose of 10 is to define the procedures and manner of judicial review of agency action, rather than to confer jurisdiction upon the courts. Moreover, 10(c) of the Act itself excepts from review under the section agency action for which there is some 'other adequate remedy in any court.' Suit under the Tucker Act in the Court of Claims provides an adequate remedy for appellant and precludes his reliance on 10.
 
 
 5
 There is a further reason why the judgment should be affirmed. Under the disputes clause of his contract with the government appellant agreed that disputes not settled with the contracting officer would be referred to the Administrator of the General Services Administration. Such an appeal was taken in this case and is still pending. The dispute over termination of the contract is one appellant was required to submit to the Administrator under the contract, and until the administrative appeal process has been completed appellant is not entitled to pursue his legal remedies in court. United States v. Joseph A. Holpuch Co., 1946, 328 U.S. 234, 239-240, 66 S.Ct. 1000, 90 L.Ed. 1192; United States v. Blair, 1944, 321 U.S. 730, 64 S.Ct. 820, 88 L.Ed. 1039. Mr. Justice Murphy stated in the Holpuch case:
 
 
 6
 '(The disputes clause) creates a mechanism whereby adjustments may be made and errors corrected on an administrative level, thereby permitting the Government to mitigate or avoid large damage claims that might otherwise be created. * * * This mechanism, moreover, is exclusive in nature. Solely through its operation may claims be made and adjudicated as to matters arising under the contract. * * * And in the absence of some clear evidence that the appeal procedure is inadequate or unavailable, that procedure must be pursued and exhausted before a contractor can be heard to complain in a court.' 328 U.S. at pages 239-240, 66 S.Ct. at page 1003.
 
 
 7
 This statement is equally true of the 'disputes' clause in the contract involved in the case before us. Since the administrative process has not been completed, the appellant may not come into court.
 
 
 8
 Affirmed.
 
 
 
 [1]
 Sitting by designation