Morton M. ROSE

v.

Robert S. McNAMARA, Secretary of Defense.

No. 33891.

United States District Court
E. D. Pennsylvania.

Dec. 23, 1963.

Edwin J. McDermott, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

JOSEPH S. LORD, III, District Judge.

This is a complaint seeking a declaratory judgment in the nature of mandamus. The defendant has moved to dismiss, or in the alternative, for summary judgment. Plaintiff has filed a cross-motion for summary judgment. From the complaint, the following facts appear:

Plaintiff was the president and principal stockholder of Aero-Fab Corporation, which, on June 28, 1957, was awarded Contract DA–36–243–QM (CTM)–486 by the United States, Department of Army, Military Clothing & Textile Supply Agency. Albert Turner & Co., Inc., (Turner) agreed to finance the contract, and Aero-Fab agreed with Turner to assign the proceeds of the contract to Bankers Trust Company, of New York. On July 2, 1957, Aero-Fab executed the assignment.

On July 5, 1957, Aero-Fab certified to Bankers Trust on proper corporate resolution forms the resolutions authorizing Aero-Fab to borrow from Bankers and designating Bankers as depositary. The same forms certified that Albert and Joel Turner were agents to execute and deliver drafts, notes, checks or other instruments for the payment of money.

On April 23, 1958, Aero-Fab filed a petition in bankruptcy in the United States District Court for the Eastern District of Kentucky, Catlettsburg Division. One Ora Duval was appointed receiver. On May 16, 1958, the Internal Revenue Service levied personal assessment against plaintiff totaling $34,196.-71, representing income taxes and Federal Insurance Contributions Act taxes withheld from the wages of Aero-Fab's employes. As a result of these assessments, plaintiff has been suspended from bidding on government contracts.

On January 1, 1959, there was no balance owing by Aero-Fab to Bankers, all deliveries under the contract had been completed, and there was owing to Aero-Fab $14,000 on the contract. On January 28, 1959, Bankers advised defendant that there was no balance due it under the assignment.

Thereafter, the date unspecified, Turner executed a note to Bankers in the amount of $14,000 pursuant to the corporate borrowing resolution of July 5, 1957, and Bankers paid $14,000 to Turner. No part of this was paid to Aero-

Fab's receiver. On March 25, 1959, Bankers advised defendant that the balance due under the assignment was $14,-000, and on July 1, 1960, defendant paid this sum to Bankers.

Plaintiff now seeks a declaratory judgment that the $14,000 should have been applied to Aero-Fab's tax liability. Plaintiff also asks "2. That the Court order and direct defendant to pay $14,-000 in payment of the Federal Income Taxes withheld and Federal Insurance Contributions Act Taxes withheld from wages of employees of Aero-Fab for the quarters ended June 30, 1957, December 31, 1957, and March 31, 1958."

We do not reach the merits of plaintiff's claim for we have concluded that this court is without jurisdiction. The action purports to have been brought under Title 28 § 1361. That Section provides:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Section 1361 was added in 1962. It permits actions to be brought in the several district courts which theretofore could have been brought only in the District of Columbia. It did not restrict previous notions of sovereign immunity nor did it authorize actions previously prohibited which, though in form against the officer, were in reality against the United States. The present suit is such a one. It does not seek to impose personal liability on defendant; it plainly and clearly seeks to collect a debt allegedly due from the United States. The impact of the suit is not against the Secretary; it is against the Government.

In Mine Safety Appliances Company v. Forrestal, 326 U.S. 371, 66 S.Ct. 219, 90 L.Ed. 140 (1945), suit was brought to compel defendant, Secretary of the Navy, to release moneys being withheld by defendant as alleged excessive profits. The Court affirmed dismissal of the suit, saying (pp. 374–375 of 326 U.S., p. 271 of 66 S.Ct., 90 L.Ed. 140):

"* * * The sole purpose of this proceeding is to prevent the Secretary from taking certain action which would stop payment by the government of money lawfully in the United States Treasury to satisfy the government's and not the Secretary's debt to the appellant. The assumption underlying this action is that if the relief prayed for is granted, the government will pay and thus relinquish ownership and possession of the money. In effect, therefore, this is an indirect effort to collect a debt allegedly owed by the government in a proceeding to which the government has not consented. * * *"

Plaintiff's second (and really definitive) prayer seeks an order directing "defendant to pay $14,000." Defendant, however, is merely the representative of the government and would not be personally liable for any such payment.

In Ove Gustavsson Contracting Company, Inc. v. Floete, 278 F.2d 912, at page 914 (C.A.2, 1960), the court said:

"* * * The claim for damages seeks an award for breach of contract by the United States; appellee Brennan signed the contract only as an authorized representative of the United States and would not be personally liable for any breach. Any damages awarded would be payable from the Treasury of the United States. The suit is one 'to collect a debt allegedly owed by the government,' * * *"

This case is no different. It falls squarely within the general rule "that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter": State of Hawaii v. Gordon, 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L. Ed.2d 191 (1963). Nor does the complaint contain the affirmative allegations [see Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962)] re-

quired to bring it within either of the exceptions to that rule. " * * * Those exceptions are (1) action by officers beyond their statutory powers and (2) even though within the scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void. * * * " Dugan v. Rank, 372 U.S. 609, 621–622, 83 S.Ct. 999, 1007, 10 L.Ed.2d 15 (1963).

For the foregoing reasons, defendant's motion to dismiss will be granted.