**SPRAGUE ELECTRIC COMPANY,**
**Plaintiff, Appellant,**

v.

**The TAX COURT OF the UNITED**
**STATES et al., Defendants,**
**Appellees.**

**No. 6395.**

United States Court of Appeals
First Circuit.

Heard Jan. 6, 1965.
Decided Jan. 19, 1965.

James M. Mulligan, Jr., Wilmington, Del., with whom Edmund Burke, Boston, Mass., Arthur G. Connolly, Arthur G. Connolly, Jr., Hale & Dorr, Boston,. Mass., and Connolly, Bove & Lodge,. Wilmington, Del., were on brief, for appellant.

Harry Marselli, Atty., Dept. of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, and Crombie J. D. Garrett, Attys., Dept. of Justice, W. Arthur Garrity, Jr., U. S. Atty., and Murray H. Falk, Asst. U. S. Atty., were on brief, for appellees.

Before ALDRICH, Chief Judge, and SWEENEY and WYZANSKI, District Judges.

ALDRICH, Chief Judge.

Taxpayer, Sprague Electric Company, brings this action for mandamus pursuant to 28 U.S.C. § 1361 against the Tax Court of the United States and a judge thereof, hereinafter collectively respondent, alleging that in deciding a certain excess profits tax case, Sprague Electric Co. v. Commissioner of Internal Revenue, 36 T.C. 1043, hereinafter taxpayer's case, against taxpayer, respondent committed, essentially, three errors of an arbitrary nature constituting an abuse of discretion. Viz., respondent decided an issue "not raised by the pleadings or during the hearing;" "interpreted Section 721(a) (1) [of the 1939 Internal Revenue Code] in an arbitrary manner," and, in another connection, "arbitrarily ignored the plain language of Section 721 [and] the regulations." Respondent moved to dismiss on several broad grounds. In granting the motion the district court stated that it sustained two of the grounds without reaching the third. On this appeal we need reach only one aspect of one.

Section 732 of the 1939 Code provided in part,

"(c) *Finality of determination.* If in the determination of the tax liability under this subchapter the determination of any question is necessary solely by reason of * * section 721 * * * the determination of such question shall not be-

reviewed or redetermined by any court or agency except the Tax Court."

Following respondent's resolution of taxpayer's case taxpayer filed in this court a petition for review. That petition sought to raise in substance the same matters quoted above from the present complaint. Taking them, for the moment, out of order, we held that the third came solely under section 721, and hence was not reviewable whether the error was of law or of fact. We held as to the first that if deciding a matter not raised in the pleadings, or at the hearing, was an error of a broader nature so that review was not interdicted, it would serve no purpose to review it because, with respect to the issue so decided, the respondent had made an alternative determination against taxpayer, equally and fully dispositive, and that this determination was one clearly falling within section 721. We held that the second question, also, came within section 721 * and that, accordingly, section 732(c) required us to dismiss the entire petition. Sprague Electric Company v. Commissioner, 1 Cir., 1964, 330 F.2d 1005.

Even if, which we need not reach, taxpayer might initially have raised any of the matters set forth in its present complaint by way of a petition for mandamus it cannot, by the mystique of a different form of complaint, seek a redetermination of what has already been decided. There is no magic in denominating the respondent's alleged substantive errors "arbitrary" or an abuse of discretion. Even if, which is difficult to imagine, sec-

tion 732(c) in some way excepts gross section 721 errors and makes only run-of-the-mill errors non-reviewable, ordinary principles of res judicata would preclude taxpayer from painting respondent's errors more purple now than it did before. The respondent's other alleged error we held to be non-prejudicial. Taxpayer has had its day in court.

Judgment will be entered affirming the judgment of the District Court.

---

* The second question embraced a contention by the taxpayer that in making its computations with respect to an issue on which taxpayer had prevailed the respondent included an irrelevant item, which had the effect of reducing the recovery, and that this procedure had not been suggested until the Commissioner's brief after trial. The Commissioner's brief before us responded to this contention. If we had anticipated the present proceedings we might have articulated our opinion more fully, but we think a thoughtful reading of the initial sentence of the final paragraph reveals that we held, as we did with respect to the respondent's alternative resolution of one of the other issues and the sole resolution of another, that only a section 721 determination, and no procedural irregularity, was involved. Indeed, having indicated, with respect to the first issue, that a claim of procedural irregularity might be heard on appeal, we would hardly have disposed sub silentio of such a claim if we thought it in fact present with respect to a second issue.