**COMMONWEALTH OF MASSACHU-SETTS, Plaintiffs,**

v.

**John T. CONNOR, Secretary of the Department of Commerce of the United States of America,**

**Rex M. Whitton, Federal Highway Administrator of the United States of America, and**

**John A. Hanson, Division Engineer of the United States Bureau of Public Roads, Defendants.**

**Civ. A. No. 64-636-F.**

United States District Court D. Massachusetts.

Jan. 4, 1966.

657

vision Engineer of the Bureau of Public Roads in Massachusetts, seeking relief by way of declaratory judgment, injunction and mandamus.

The complaint alleges that on October 11, 1956 the then Secretary of Commerce approved Project No. I–290–5(1)96 for highway construction in Massachusetts, and on May 6, 1957 the then Division Engineer entered into a project agreement covering this construction. Pursuant to this agreement, Massachusetts acquired necessary rights of way, including a certain Parcel 14–49 owned by J. B. Garland and Son, Inc. In accordance with Massachusetts law damages were assessed by verdict of a jury for this taking in the amount of $398,750. Thereafter Massachusetts waived appellate review of this verdict in exchange for waiver by the landowner of interest, and upon agreement of the parties judgment for $398,750 was entered on March 1, 1960, and this judgment has been paid by the state.

Massachusetts submitted a progress payment voucher seeking reimbursement to the extent of 90% of this amount and payment of $340,932 was made by the United States.

Subsequently Massachusetts was notified by the Division Engineer that after audit Federal participation had been limited to the amount of an independent appraisal. An attached schedule indicated that on this basis the total of Federal funds allowable on the Garland property was $79,740. A Memorandum of Understanding as to the procedure for processing right-of-way costs had been entered into by the Bureau of Public Roads and the Massachusetts Department of Public Works which provided for reappraisal of properties in certain cases. Massachusetts contends that this agreement is not binding and in any case did not apply to the Garland property.

It does not appear that the United States has demanded repayment with respect to the Garland property. Presumably, however, the claimed overpayment would be a charge to be deducted from

Edward W. Brooke, Atty. Gen., of Massachusetts, John S. Bottomly, Asst. Atty. Gen., June D. Hawker, Special Asst. Atty. Gen., Frederic E. Greenman, Boston, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., John Paul Sullivan, Asst. U. S. Atty., Boston, Mass., for defendants.

FRANCIS J. W. FORD, District Judge.

This is an action which arises out of a controversy between Massachusetts and the United States as to the amount to be paid by the United States by way of federal contribution to the cost of a highway construction program under the Highways Act, 23 U.S.C.A. § 101 et seq. The state brings this action against the Secretary of Commerce, the Federal Highway Administrator and the Di-

subsequent payments, interim or final, due to the state.

In this action Massachusetts seeks declaratory relief adjudging that it is entitled to federal participation in right-of-way costs with respect to the Garland and other properties in the amount of 90% of award established by a court judgment, a mandatory order directing defendants to order federal participation in the amount of 90% of the judgment in the Garland case and to approve the voucher submitted for that amount, and injunction enjoining defendants from limiting federal participation to less than that amount or further delaying approval of the voucher for that amount.

[1, 2] Defendants move to dismiss for lack of jurisdiction. At the outset it should be pointed out that plaintiff, as the United States concedes, has a remedy open to it, although not in this court. Under 23 U.S.C.A. § 106, the approval by the Secretary of a project submitted by the state shall be deemed a contractual obligation of the Federal government for the payment of its proportional contribution thereto. If the United States fails to meet its contractual obligation to pay the full amount of the contribution when due, Massachusetts may bring an action under the Tucker Act, although since the amount in controversy exceeds $10,000 the action may be brought only in the Court of Claims and not in this court. 28 U.S.C.A. §§ 1346(2), and 1491(4). The question here is whether Congress has provided any alternative remedy within the jurisdiction of this court.

 The complaint cites several statutory provisions as a basis for jurisdiction. Although this action may arise under the Highway Act, that act itself contains no grant of jurisdiction. The Administrative Procedure Act, 5 U.S.C.A. § 1009 and the Declaratory Judgment Act, 28 U.S.C.A. § 2201, only provide for remedies which this court may give in actions otherwise within its jurisdiction. The general federal jurisdiction granted in 28 U.S.C.A. § 1331 does not give this court jurisdiction over actions which are in substance directed against the United States.

The main thrust of the state's argument, however, is that this court has jurisdiction under 28 U.S.C.A. § 1361, which provides:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Briefly, the argument of Massachusetts is that 23 U.S.C.A. § 120(c) makes the payment by the United States of 90% of the cost of an approved highway project mandatory and § 1361 gives this court jurisdiction to order the officials concerned to perform the merely ministerial duties involved in approving and paying the claims made by the state. The validity of this argument must be considered in the light of the nature of the mandatory relief available under § 1361 and of the relevant provisions of the Highway Act.

The Highway Act sets up a procedure whereby Federal funds are made available to pay a part of the cost of certain highway construction by the several states. Under a formula provided by the Act Federal funds are apportioned among the states. Each state may submit plans for highway construction programs for utilization of the funds apportioned to it. After approval of a state's program it may submit detailed surveys, plans, specifications and estimates for each project included in the program. Under § 106 the Secretary's approval for any such project shall be deemed a contractual obligation of the United States for payment of its proportional contribution. In the case of the project here in question § 120(c) fixes 90% of the construction cost as the Federal share. The Act does not in itself directly give the state any right to payment of any specific amount. It is only when the state secures approval of a specific project that a contractual duty to make a payment arises. The Act provides for

determination of the amount available to a state, and § 120 determines what the contractual provision as to the rate of Federal contribution shall be. The only claim of the state, however, is one arising directly from its contract with the United States. Under § 121 payment of the Federal share of the cost of any project is absolutely due only when the project has been completed and the final voucher has been approved by the Secretary. Partial payment during progress of the work may be made by the Secretary at his discretion.

■■ The provisions of 28 U.S.C.A. § 1361 extend to all district courts the mandamus jurisdiction formerly exercised only by the District of Columbia courts. It did not make any substantive change in the law or extend the scope of mandamus relief. Smith v. United States, 10 Cir., 333 F.2d 70. Mandamus is an extraordinary writ by which the court will direct an officer to perform a purely ministerial act or to make a decision in a matter involving exercise of discretion but without directing or influencing the exercise of that discretion or controlling the substance of the decision. Indiana & Michigan Electric Co. v. Federal Power Commission, D.C., 224 F.Supp. 166; McEachern v. United States, D.C., 212 F.Supp. 706.

The basic dispute between the parties here is as to the amount of the contribution which the United States must pay to Massachusetts in accordance with its contract. There is no dispute, apparently, over the fact that this payment is to be 90% of what can properly be claimed by Massachusetts as the cost of the project. The present dispute is over the amount properly allowable as to one item involved in the contract.

Massachusetts does not ask this court to direct the payment of any money. In fact, the time is not yet ripe for the state to demand payment, for final approval of the Secretary after completion of the work has not been given. Any payment before that time is subject to the discretion of the Secretary and § 1361 gives this court no power to compel

him to make such payment. Nor can the court effectuate the same result in a roundabout way by characterizing the Secretary's approval of the voucher as a ministerial act and ordering him to sign the voucher.

■ Certainly the duty, if any, of the Secretary to approve the state's voucher in the present case is not a ministerial one. The Secretary must make a decision as to whether the claim presented is a proper one. Certainly it cannot be contended that he is bound to accept without question any claim in whatever amount Massachusetts wishes to make. However the statute makes no express provision as to what substantiation of a claim is required. Certainly it is not plain from the wording of the Act whether he must, as Massachusetts contends, accept a state court judgment as final, or whether he may rely on the appraisals of independent experts. An official action is not a ministerial one, enforceable by a mandatory order unless the construction of the statute upon which it depends is so plain that the duty in the particular situation is so plainly prescribed as to be free from doubt and equivalent to a positive command. Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 50 S.Ct. 320, 74 L.Ed. 809; Work v. United States ex rel. Rives, 267 U.S. 175, 45 S.Ct. 252, 69 L.Ed. 561; Switzerland Company v. Udall, D.C., 225 F.Supp. 812, 819, 820 and cases cited.

Udall v. States of Wisconsin, Colorado and Minnesota, 113 U.S.App.D.C. 183, 306 F.2d 790 and Clackamas County, Or. v. McKay, 94 U.S.App.D.C. 108, 219 F.2d 479, relied on by plaintiff presented a different situation. In neither of these cases was there any contract between the United States and the claimants. In each case the allegation was that the relevant statute directly gave claimants the right to the payments claimed. In each case, also, the statute directed the distribution to be made in accordance with a prescribed formula which left the Secretary only with the ministerial

duty of mathematically computing the amounts due and making payment.

To repeat, the basic claim of Massachusetts is for money due, or ultimately to become due, from the United States under a contract. In the execution of contracts such as the one involved here, it is almost inevitable that disagreements will arise from time to time as to payments due with respect to certain items involved. On the theory advanced by plaintiff here, any time an official of the United States concerned with the administration of a contract of the United States makes an interim decision which the other contracting party thinks is wrong, it need only assert that his decision constitutes a failure to perform a duty, and thus state a case for relief under § 1361. Certainly Congress never intended § 1361 to be interpreted so as to allow the extraordinary writ of mandamus to be converted into a device for obtaining piece-meal solution of contractual disputes to which the United States is a party.

Existing doctrines of sovereign immunity from suit were not affected by the enactment of § 1361. What is in reality an action against the United States cannot be brought within this section by merely recasting it as an action against an officer. Rose v. McNamara, D.C., 225 F.Supp. 891. The action here is in substance one against the United States. What Massachusetts is really seeking is payment from the United States. It purports to seek relief from the named defendants only as a device for obtaining a decision that the United States owes or will owe it the full amount it claims. Any judgment in this case will ultimately expend itself on the public treasury. Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15; Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168. As has been pointed out, the United States has waived its immunity to suit on a contract claim, but only to the extent of consenting, so far as claims of the magnitude of the present one are concerned, to suit in the Court of Claims. It is

there plaintiff belongs, and it cannot, "by the mystique of a different form of complaint," (Sprague Electric Company v. Tax Court of the United States, 1 Cir., 340 F.2d 947, 948) confer jurisdiction on this court.

Defendants' motion to dismiss is allowed.