ESTATE OF HELEN MOORE QUIRK, AKELEY P. QUIRK, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8428–72.   Filed October 25, 1973.

*Hilbert P. Zarky*, for the petitioner.
*St. Clair Reeves*, for the respondent.

SUPPLEMENTAL OPINION AND ORDER

FORRESTER, *Judge:* On June 28, 1973, we promulgated our Opinion and Order herein (60 T.C. 520) denying respondent's untimely Motion for Leave to File Answer Out of Time. Thereafter, on July 2, 1973, petitioner filed Motion to Enter Decision of No Deficiency in Estate Tax and on July 27, 1973, respondent filed Motion for Reconsideration and Revision of our Opinion and Order of June 28, 1973. Petitioner's said motion for decision and respondent's said motion for reconsideration were set down and argued on August 22, 1973, and the parties have now briefed their respective contentions.

A brief review of the sequence of events which generated this controversy is in order:

Respondent's notice of deficiency determining an estate tax deficiency and an addition to tax under section 6653(b) [1] is dated November 1, 1972. Petitioner filed a timely petition with this Court on November 13, 1972, which was served upon respondent 2 days later. On January 9, 1973, respondent moved that we extend his time for answer from January 14, 1973, to March 15, 1973. That motion was granted only in part—an extension being allowed until February 13, 1973.

On February 8, 1973, respondent again moved that we extend his time for answer from February 13, 1973, to March 15, 1973. This motion was denied on February 9, 1973, and it was not until February 26, 1973, that respondent lodged his answer herein together with his motion for leave to file it out of time. For the reasons detailed in our prior opinion this motion was denied and since respondent has advanced no arguments not already considered by us in his motion for reconsideration and revision of that order, said motion was denied from the bench at the conclusion of the hearing on August 22, 1973.

Turning now to petitioner's motion for a decision of no deficiency in estate tax, we note first that by denying respondent's motion to file a late answer we are effectively preventing him from bringing into issue any affirmative allegations, including the addition to tax under section 6653(b) because section 7454(a) provides that in any proceeding involving the issue of fraud with intent to evade tax, the burden of proof shall be upon the Commissioner and our Rule 14(b) provides that the answer shall state facts upon which the Commissioner relies to sustain any issue in respect of which the burden of proof is, by statute, placed upon him.

Petitioner notes that in *Clark Tank Lines Co.*, docket No. 721–71, an unreported Memorandum Sur Order filed by this Court on July 18, 1972, we went further in search of an effective sanction and applied Rule 18(a) [2] to a case in which no answer was filed, thus deeming admitted well-pleaded facts in the petition.

In *Clark Tank Lines Co.*, *supra*, we denied respondent's motion to file an answer 305 days late; the answer contained no affirmative allegations and the petitioner was able to demonstrate substantial prejudice stemming from the delay. We recognize that Rule 18(a)

---

[1] All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.

[2] RULE 18. ADMISSIONS AND DENIALS OF PLEADED FACTS

(a) *Effect of answer.*—Every material allegation of fact set out in the petition and not expressly admitted or denied in the answer, shall be deemed to be admitted.

does not specifically provide for the case in which no answer is filed, whereas Rule 18(c)[3] does specifically provide for the case in which a required reply is not filed. Notwithstanding this disparity in language we invoked Rule 18(a) in *Clark* in order to fashion an adequate sanction for respondent's extraordinary breach of Rule 14(a).

The instant case involves the disregard of a direct order of the Court rather than a mere breach of a rule. However, we do not think that the circumstances here are sufficient to warrant the application of Rule 18(a). Petitioner has been unable to demonstrate that he suffered substantial prejudice or hardship because of the unjustified 13-day delay in filing the answer. Moreover, barring respondent from raising affirmative allegations is itself an effective sanction on the facts of this case.

The facts alleged in the petition will therefore not be deemed admitted and this case will proceed to trial in due course. See and compare *Newmark* v. *Commissioner*, 311 F. 2d 913, 918 fn. 1 (C.A. 2, 1962), affirming a Memorandum Opinion of this Court.

*An appropriate order will be entered.*

---

[3] Rule 18. (c) *Effect of failure to reply and motion thereon.*—

(1) *Denial—Motion seeking admission.*—The affirmative allegations of the answer will be deemed denied in the absence of a reply, unless the Commissioner, within 45 days after the expiration of the time for filing a reply, files a motion reciting that a reply required under these Rules was not filed and requesting the Court to enter an order that specified allegations of fact in the answer shall be deemed to be admitted.

(2) *Service of and hearing on motion.*—The Clerk will serve a copy of the Commissioner's motion upon the petitioner and issue notice of a hearing thereon at which hearing the Court may grant the motion unless the required reply is filed on or before the day fixed for such hearing.