ESTATE of Helén Moore QUIRK et al., Plaintiff-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.

No. 74–1224.

United States Court of Appeals, Ninth Circuit.

July 30, 1975.

Hilbert P. Zarky (argued), and D. W. Hunt, Los Angeles, Cal., for plaintiff-appellant.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., Emory Langdon, Regional Counsel, Internal Revenue Service, Los Angeles, Cal., Stephen Gelber (argued), Dept. of Justice, Washington, D. C., for defendant-appellee.

## OPINION

Before CHAMBERS, TRASK and KENNEDY, Circuit Judges.

PER CURIAM:

This estate tax problem developed after the executor of the estate of Helen Moore Quirk received a statutory notice of deficiency in the estate's tax return in the sum of $135,210, and an additional penalty assessment of 50 percent of the underpayment for alleged fraud. Internal Revenue Code of 1954, section 6653(b), 26 U.S.C. §§ 6653(b). A statement was attached which showed the underpayment resulted from the Commissioner's recomputation of the taxable estate from $21,250 to $472,766. A timely petition by the estate for redetermination of the deficiency was filed in the Tax Court concluding with a prayer that the court determine (1) that there was no deficiency in estate tax and (2) that petitioner be given such other and further relief as might be appropriate.

An answer was not filed by respondent Commissioner within the time allowed, and his request for late filing was denied. Twice more the Commissioner applied for leave to file a late response, and each time the request was denied. *Estate of Helen Moore Quirk v. Commissioner,* 60 T.C. 520 (1973); Order (unpublished) *Estate of Helen Moore Quirk v. Commissioner,* 61 T.C. 95 (1973). In a later opinion in *Rea v. Commissioner,* 60 T.C. 717, 719 (1973), the court referred to *Quirk* saying:

"Our narrow holding in [*Quirk*] is distinguishable on the ground that there a direct order of this Court was violated by the respondent, and a good and sufficient cause for the delay was not shown."

On the basis of the executor's petition for redetermination which alleged generally that the original return was correct and that the Commissioner failed to file

an answer, the taxpayer moved in the Tax Court for a determination of no deficiency, relying upon Rule 18(a) of the Tax Court Rules of Practice, which states:

"18(a) Effect of answer.—Every material allegation of fact set out in the petition and not expressly admitted or denied in the answer, shall be deemed to be admitted."

The Tax Court denied the motion but held that by virtue of his failure to answer, the Commissioner could not place at issue his affirmative allegations of fraud. *Estate of Helen Moore Quirk v. Commissioner*, 61 T.C. 95, 97 (1973). The Tax Court said that the petitioner estate had been unable to demonstrate that it had suffered substantial prejudice or hardship because of the delay. Moreover, it continued, the fact that the Commissioner was barred from raising affirmative allegations was a sufficient sanction.

"The facts alleged in the petition will therefore not be deemed admitted and this case will proceed to trial in due course. See and compare *Newmark v. Commissioner*, 311 F.2d 913, 918 fn. 1 (C.A.2, 1962), affirming a Memorandum Opinion of this Court."

Thereafter taxpayer filed his complaint in the district court seeking by mandamus to enjoin the Tax Court from proceeding with a trial on the merits and to require the Tax Court to enter a decision of no deficiency. By order *sua sponte* the district court dismissed the taxpayer's complaint. The taxpayer appealed.

Under 26 U.S.C. § 7482(a) the United States Courts of Appeals have "exclusive jurisdiction to review the decisions of the Tax Court . . . ." The taxpayer may not confer jurisdiction on the district court to review a Tax Court action, and thus circumvent section 7482(a), by framing its requested relief in terms of mandamus and injunction. *Sprague Electric Co. v. Tax Court*, 230 F.Supp.

779 (D.Mass.1964), *aff'd on other grounds*, 340 F.2d 947 (1st Cir. 1965).

The district court therefore had no jurisdiction, and its judgment is hereby affirmed.