**WOODLAND NURSING HOME CORPORATION, Plaintiff,**

v.

**Joseph CALIFANO, Individually and as Secretary of Health, Education and Welfare, and The Travelers Insurance Company, Defendants and Third-Party Plaintiffs,**

v.

**WOODLAND NURSING HOME ASSOCIATES d/b/a Woodland Nursing Home, Irving Sendar and Martin Marmon, Third-Party Defendants.**

No. 74 Civ. 3483 (KTD).

United States District Court, S. D. New York.

Oct. 19, 1979.

Motion to Reargue Granted Dec. 19, 1979.

Litman, Friedman, Kaufman & Asche, New York City, for plaintiff; Stephen Bernstein, Richard M. Asche, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City, for defendants and third-party plaintiffs; Susan M. Campbell, Asst. U. S. Atty., Borge Varmer, Regional Atty., Region II, Julia T. Reed, Asst. Regional Atty., Dept. of Health, Education and Welfare, New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, Woodland Nursing Home Corporation [hereinafter referred to as "Woodland"], by the instant motion seeks summary judgment or, in the alternative, a preliminary injunction which would prevent defendants from withholding Medicare payments. Plaintiff also requests leave to serve an amended complaint. Defendant, Secretary of Health, Education and Welfare [hereinafter referred to as "the Secretary"], without making a formal motion to dismiss, argues in his brief that the motion should be dismissed for lack of subject matter jurisdiction.

The instant action has a long history in this Court. Plaintiff presently owns a nursing home facility in New Rochelle, New York which provides Medicare services pursuant to 42 U.S.C. § 1395 *et seq.* Until 1970, the nursing facility in question was owned by Woodland Nursing Home Associates [hereinafter referred to as "Woodland Associates"], a partnership. Thereafter, ownership was transferred to the plaintiff corporation. Defendant, Travelers Insurance Company [hereinafter referred to as "Travelers"] is a "fiscal intermediary" which performs administrative services to Woodland on behalf of defendant Secretary. In this capacity, Travelers is required to reimburse plaintiff for the reasonable costs of Woodland's services under the Medicare Program. 42 U.S.C. § 1395f. It did so initially by making interim payments which were adjusted at the end of the year based on the provider's annual cost report.

In 1968, a dispute arose between Travelers and Woodland Associates as to the reasonableness of the latter's accounting in its 1967 annual cost report. On May 24, 1973 Travelers requested repayment and informed Woodland that current and future Medicare payments would be withheld until the Woodland Associates' debt had been repaid.

On August 7, 1973, plaintiff commenced an action arguing that it was not responsible for Woodland Associates' debts and seeking to enjoin defendants from collecting the overpayment through cessation of its interim payments. This relief was denied and the action later discontinued. *Woodland Nursing Home Corp. v. Weinberger*, No. 73–3461 (S.D.N.Y. September 28, 1973).

After an intermediary administrative hearing in which it was determined that

plaintiff could be liable for Woodland Associates' debts, plaintiff commenced the present action to recover accrued payments previously withheld by Travelers. A third-party action against Woodland Associates was later instituted by defendants.

Plaintiff moved in November, 1975, for summary judgment. In a decision dated March 24, 1976, I denied that motion and remanded to determine the "cogency and persuasiveness of plaintiff's explanation" concerning its accounting procedures in the 1967 annual report and the motivation of the partnership in transferring the nursing facility to the present corporate plaintiff. That hearing was held on October 5, 1978 and plaintiff's appeal thereto is still pending.

This recounting of the facts brings me back to the instant motion. Plaintiff's request for leave to amend the complaint poses no problem as it is unopposed. Leave to amend, therefore, is granted. For the following reasons, however, plaintiff's motions for summary judgment and preliminary injunction must be denied.

Initially, several interesting jurisdictional questions are raised by this motion. The argument is raised merely in the government's brief and, given the importance of the issue of subject matter jurisdiction of this Court, I am compelled to address the question.

In a recent case somewhat similar to the one at hand, the Second Circuit held that in a provider suit for reimbursement of money illegally captured under the Medicare Act, the Court of Claims has *exclusive* jurisdiction if the amount claimed is over $10,000.[1] *South Windsor Convalescent Home, Inc. v. Mathews*, 541 F.2d 910 (2d Cir. 1976). Relying on this decision, the government argues that this action should either be dismissed or transferred to the Court of Claims.

Unfortunately, the issue is not quite as simple as defendant's brief would make it appear. Plaintiff not only seeks money damages, but also injunctive and declaratory relief.

The Court of Claims is a Court of limited jurisdiction. This jurisdiction is statutorily granted, 28 U.S.C. § 1491, and is to be strictly construed. *See Transcountry Packing Co. v. U.S.*, 568 F.2d 1333 (Ct.Cl.1978). No equity jurisdiction exists in the Court of Claims, nor can it enter declaratory judgments.

The United States Supreme Court has specifically held that the Declaratory Judgment Act, 28 U.S.C. § 2201, which empowers federal courts to enter such judgments does not apply to the Court of Claims. *U.S. v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1968).

In the *King* case, an Army officer challenged the classification of his retirement as based on longevity as opposed to physical disability and sought money damages. The Court held that the Court of Claims had no jurisdiction to determine the money damage question until some other Court had made a declaration of plaintiff's entitlement to a physical disability retirement.

Similarly, in the instant case, the issue of whether or not Woodland can be liable for Woodland Associates' debts is a question which must be decided by declarative relief before the money damage question can be reached.

My dilemma here is that the Court of Claims has no jurisdiction to make this declaration and I have no jurisdiction to award monetary relief. *See South Windsor, supra.* It is here that the concepts of ancillary and pendent jurisdiction come to the rescue.

Ordinarily, pendent jurisdiction is used to give a federal court jurisdiction over state claims related to a federal claim properly before the court. The concept has also been used, however, to give the federal court jurisdiction over another federal claim which was otherwise not properly before the Court. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). This concept should be used as

---

1. If the amount claimed is less than $10,000 the District Court would have concurrent jurisdiction pursuant to 28 U.S.C. § 1346(a)(2).

"a common sense solution" of the problems courts, especially courts of limited jurisdiction, face in attempting to 'do complete justice in the premises.' If no such powers existed, parties would be forced to go to different courts to obtain complete relief. The notion that a party must go to several forums to obtain relief in any given situation, deriving from the ancient and formalistic distinctions between law and equity, has been discredited. The important policy of having one single expeditious resolution of a dispute has thus led to the doctrine of ancillary jurisdiction and analogous practices of courts.

*Morrow v. District of Columbia*, 135 U.S. App.D.C. 160, 170, 417 F.2d 728, 738 (D.C. Cir. 1969) (footnotes omitted). The Court went on to indicate that this language applies with equal force to ancillary and pendent jurisdiction. *Id.* n.38.

■ In the interest of avoiding multiplicity of actions and in order to most effectively dispose of this action, I conclude that I have pendent jurisdiction over the monetary claim. Therefore, there is no reason to dismiss or transfer to the Court of Claims.

■ Turning to the next question, I cannot decide the plaintiff's claim for relief until its administrative remedies have been exhausted. As admitted by plaintiff, the decision of the hearing panel occasioned by my remand is still on administrative appeal. Affidavit of Gary Marmon at 5. Therefore, I decline, at this time, to determine the issue of Woodland's liability for Woodland Associates' debts or to direct defendants to reimburse plaintiff. Consequently, summary judgment will not be granted.

■ Furthermore, there has been no showing of irreparable injury sufficient to warrant a preliminary injunction. Plaintiff's mere assertion that it is in danger of becoming insolvent coupled with its apparent lack of urgency indicates an absence of irreparable injury.

1. This case was formerly captioned as *Woodland Nursing Homes v. Weinberger*, and later *Woodland Nursing Homes v. Califano* to reflect

In accordance with the foregoing, leave to amend the complaint is granted; plaintiff's motions for summary judgment and preliminary injunction are denied.

This case is hereby placed on the suspense calendar pending the outcome of the administrative appeal.

SO ORDERED.

## ON MOTION TO REARGUE

This is another chapter in the continuing history of *Woodland Nursing Homes v. Harris*[1] which is outlined in my prior Opinions of March 24, 1976, 411 F.Supp. 501, and October 19, 1979. For the purposes of the instant Opinion, it is pertinent to note that the dispute concerns the withholding of Medicare Service Benefits to a nursing home facility pursuant to 42 U.S.C. § 1395 *et seq.* by the fiscal intermediary, Travelers Insurance Company [hereinafter referred to as "Travelers"]. Travelers bases this withholding on the unreasonableness of the nursing home's accounting for the period in question. Woodland Nursing Homes [hereinafter referred to as "Woodland"] contends, however, that it was not the owner of the nursing home during the time for which the accounting procedures are challenged and is not liable for the prior owner's debts.

Woodland brought this lawsuit seeking an injunction of further withholding, a declaratory judgment to the effect that it may not be held liable for its predecessor's debts, and money damages. Defendants moved to dismiss or transfer to the Court of Claims on the grounds that that court has exclusive jurisdiction. In my October 19, 1979 decision, I denied defendants' motion and took pendent jurisdiction over the damage question which would ordinarily be within the Court of Claims exclusive jurisdiction. *See South Windsor Convalescent Home, Inc. v. Mathews*, 541 F.2d 910 (2d Cir. 1976). My reasons for so doing are outlined in that Opinion.

changes in the office of the Secretary of the Department of Health, Education and Welfare.

Defendants now move to reargue based on my "overlook[ing] controlling precedent in the Circuit and relevant decisional law in other circuits." By this Opinion, I am granting reargument based on the briefs submitted. Nevertheless, after reargument, I adhere to my October 19, 1979 decision.

The cases cited by defendants in support of the instant motion held that in contract actions for injunctive and monetary relief, the District Court cannot take jurisdiction simply because the Court of Claims is not empowered to grant the former. These cases have generally further held that federal sovereign immunity has only been waived to the limited extent provided for in The Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491. Furthermore, the damage remedy provided therein which is in the exclusive domain of the Court of Claims has been held adequate to redress plaintiffs' contract claims against the government. *American Science & Engineering, Inc. v. Califano*, 571 F.2d 58 (1st Cir. 1978); *Alabama Rural Fire Insurance Co. v. Naylor*, 530 F.2d 1221 (5th Cir. 1976); *International Engineering Co. v. Richardson*, 167 U.S.App.D.C. 396, 512 F.2d 573 (D.C. Cir. 1975); *Ove Gustavsson Contracting Co. v. Floete*, 278 F.2d 912 (2d Cir. 1960).

Unlike the situation in the cases cited by defendants, here there can be no remedy at all until there is a declaratory judgment as to who is liable for the nursing home accounting procedures for 1967 and any debts resulting therefrom. It is this essential determination which the Court of Claims is not empowered to make.

Defendants' motion to reargue has been granted by this Opinion. Upon reconsideration of the controlling and relevant decisional law on reargument, I adhere to my original decision that pendent jurisdiction is warranted in this case.

SO ORDERED.