**Jerry F. NORTON, Petitioner,**

v.

**BUREAU OF INDIAN AFFAIRS, Respondent.**

No. Civ. 92–016–E–EJL.

United States District Court, D. Idaho.

July 20, 1992.

Steven W. Shaw, Pocatello, Idaho, for petitioner.

Maurice O. Ellsworth, U.S. Atty., Boise, Idaho, for respondent.

**MEMORANDUM DECISION AND ORDER OF DISMISSAL**

LODGE, Chief Judge.

This matter was heard on oral argument in Pocatello on July 13, 1992 with counsel for the parties appearing upon the United States' motion to dismiss, under Rule 12 for failure to state a claim and lack of subject matter jurisdiction. Petitioner had filed an action seeking a writ of mandamus against the Bureau of Indian Affairs regarding a low interest loan application to finance a business to be conducted on the Fort Hall Indian reservation.

Both parties have submitted documents from the petitioner's administrative appeals. Petitioner claims that a writ should issue because the agency has not made a decision. The documents fail to support that contention.

Norton initially filed an appeal dated March 13, 1991 (Exhibit "A" to the petition) which on its face is titled "Appeal to the Area Director." Because he sent the original of the appeal notice to Board of Indian Appeals in Arlington, Virginia, it docketed

and entered an Order dismissing the appeal as premature, counseling petitioner and his attorney about the proper procedure to be followed:

"Regulations in 25 CFR 2.8 provide specific procedures to be followed in order to appeal from the inaction of a BIA official. The procedure requires the person aggrieved to file a written request for decision with the BIA official whose inaction is the subject of the controversy. That official is then required to take certain enumerated actions. Only after this procedure has been followed is there a right to proceed to a higher official ... because appellant has not followed this procedure, his appeal is premature.... this appeal from the inaction of the Fort Hall Agency Superintendent is dismissed without prejudice as being premature."

(19 IBIA 278) (Exhibit "C" to Petitioner's memorandum)

On June 4, 1991 petitioner again filed a Notice of Appeal to "Appeal to the Area Director" and again sent a copy to the Board of Indian Appeals. The final sentence of paragraph 1. of the Notice reads: "The Fort Hall Agency has now denied said loan and appellant further appeals their improper denial."

The Board in 20 IBIA 78, (Exhibit "F" to petitioner's memorandum) dismissed this appeal as well, again stating that the procedure should have been filing an appeal with the Area Director:

"On June 10, 1991, the Board received a second notice of appeal from Norton, through counsel, Steven W. Shaw,.... This notice of appeal, like the earlier one, is headed "Appeal to the Area Director." As was the case with the earlier notice, however, appellant is ambiguous as to his intended place of filing. This time, his cover letter indicates that he intended to file his notice of appeal with the Board, despite the heading on the notice itself....

... It also states, however, that his loan application has now been denied by the Agency and that he is appealing the denial. Whichever is the case, his appeal to the Board is premature. If his applica-

tion has been denied at the Agency level, his appeal is to the Area Director.

... [T]his appeal is dismissed without prejudice as premature."

June 14, 1991 the Portland Area Office sent its decision via certified mail to petitioner reciting in four numbered paragraphs the reasons the loan application was denied. (Exhibit "G" to petitioners memorandum) The last paragraph on the first page reads:

"This decision may be appealed to the Interior Board of Indian Appeals, 4015 Wilson Boulevard, Arlington, Virginia 2203.... Your notice of appeal to the Board must be signed by you or your attorney and *must be mailed within 30 days of the date you receive this decision.....*" (emphasis in original)

The record discloses no new appeal was filed. From the face of the records, no appeal is pending; the two prior appeals having been dismissed as premature by the Board. Thereafter petitioner filed this action seeking a writ of mandamus naming the agency, but no specific individual by office or name.

■ Petitioner's jurisdictional allegation cites 28 U.S.C. § 1361, the mandamus statute, for subject matter jurisdiction. However, the law is clear that the mandamus statute does not confer jurisdiction, but only provides a remedy if jurisdiction can be found elsewhere. *Commonwealth of Massachusetts v. Canner,* 248 F.Supp. 656 (D.C.Mass.1966) *affirmed* 366 F.2d 778 (1st Cir.1966); *White v. Administrator of General Services Administration,* 343 F.2d 444 (9th Cir.1965).

■ Petitioner may not avoid the necessity of exhausting administrative remedies by seeking review; not having complied with the requirements of the administrative appeals process. *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *United States v. Joseph A. Holpuch Co.,* 328 U.S. 234, 239–40, 66 S.Ct. 1000, 1003, 90 L.Ed. 1192 (1946); *Southeast Alaska Conservation Council v. Watson,* 697 F.2d 1305, 1309 (9th Cir.1983); *Montgomery v. Rumsfeld,* 572 F.2d 250,

252 (9th Cir.1978); *Ove Gustavsson Contracting Co. v. Floete,* 278 F.2d 912 (2nd Cir.1960). Because petitioner failed to exhaust remedies available to him under the applicable appeal regulations, this court is without subject matter jurisdiction to hear and decide upon his petition for mandamus.

Moreover, the record shows that there is no decision pending for this court to order decided if the writ were to be considered. The loan application was denied by the Fort Hall Superintendent, and the Portland Area Director affirmed that decision June 14, 1991, telling petitioner that any further appeal must be taken within 30 days of receipt of that decision to the Board of Indian Appeals. No further appeal was thereafter filed, nor does the record indicate that petitioner has since filed a new loan application.

NOW, THEREFORE, it appearing that this court lacks subject matter jurisdiction and that the petition fails to state a claim upon which relief may be granted;

IT IS HEREBY ORDERED that this action be dismissed with prejudice.